## LATZKO ET AL. *v.* EQUITABLE TRUST COMPANY, TRUSTEE.

## EQUITABLE TRUST COMPANY, TRUSTEE, *v.* LATZKO ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 48 and 49. Argued October 19, 1927.—Decided November 21, 1927.

Claimants, who were bankers of Budapest, desiring to procure credit with a New York banking firm (the bankrupts herein) with which they had a checking account, procured to be deposited with it (1), a cashier's check of a New York bank payable to the bankrupt's order, " favor " of claimants, and (2), a check of another New York banker drawn on its account with the bankrupt and payable to the

bankrupts order accompanied by a letter stating that it was " for · account of " the claimants. The bankrupts immediately credited both checks to the claimants, but they were not collected until after the bankruptcy petition had been filed on the following day.

*Held,* following *Equitable Trust Co. v. Rochling, ante,* p. 248, that the effect of the words " favor " and " for account of " was not to make the bankrupts agents for collection, but was to indicate the account to be credited; that ownership of the checks passed to the bankrupts, and that claimants were only general creditors. P. 256.

10 F. (2d) 935, reversed in part and affirmed in part.

CERTIORARI, 271 U. S. 654, to a judgment of the Circuit Court of Appeals, which affirmed in part and reversed in part, a judgment of the District Court dismissing a petition for reclamation of funds traced into the hands of a trustee in bankruptcy.

Mr. *Charles A. Brodek,* with whom Mr. *Borris M. Komar* was on the brief, for Latzko et al.

· Mr. *Godfrey Goldmark,* with whom Messrs. *George G. Ernst* and *Ralph F. Colin* were on the brief, for The Equitable Trust Company.

MR. JUSTICE STONE delivered the opinion of the Court.

This case, here on petition and cross-petition for certiorari to review a judgment of the circuit court of appeals, involves the same bankruptcy and questions similar to those considered in No. 34, *Equitable Trust Company of New York v. Rochling, ante,* p. 248. Petitioners in No. 48, respondents in No. 49, later referred to as " claimants," are bankers of Budapest who had a checking account with Knauth, Nachod & Kuhne, the bankrupts. On June 15, 1923, they procured a credit with the bankrupts through the deposit with the latter by the National City Bank of New York of its cashier's check, payable to the bankrupts' order, " favor N. Latzko & A. Popper, Budapest." On the same day Goldman Sachs

& Co., bankers in New York, delivered to the bankrupts their check, drawn on the Bank of America in New York, and payable to the bankrupts' order, accompanied by a letter stating that the check was "for account of Latzkopper, Budapest." The bankrupts immediately credited both checks to the claimants, but they were not collected until after the bankruptcy petition had been filed on the following day. The proceeds of collection are traced into the hands of the trustee in bankruptcy and the present proceedings were brought for their reclamation in the district court for southern New York. The petition was dismissed. The court of appeals for the second circuit reversed the order of the district court as to the National City Bank check and affirmed it as to that of Goldman, Sachs & Co. *In re Gubelman,* 10 Fed. (2d) 926, holding that the words in the former, "favor N. Latzko and A. Popper, Budapest," appearing on the face of the check, were restrictive and made the bankrupts agents for collection, but holding as to the latter that the words appearing in the letter accompanying the delivery of the check served only to indicate the account to be credited.

Two circumstances are said by claimants to distinguish this case from No. 34, *Equitable Trust Company* v. *Rochling, et al., ante,* p. 248. The first is the fact that the check involved in the claimants' petition was not a cashier's check, but the check of a bank drawn upon its own bank of deposit. The distinction seems to us to require no difference in result where, as here, the check was treated by the bankrupts as current funds and at once placed to the credit of the claimants. It is suggested also that, although it was the practice of the bankrupts to credit checks to claimants as soon as deposited, it does not affirmatively appear that claimants asked or expected them to be credited in advance of collection, or that the items were listed as immediately entitled to interest. But the

mere absence of such proof cannot limit the effect of the dominant facts before us that the establishment of the credit was the objective of the claimants, and that that objective was attained when the credit was given. *Douglas* v. *Federal Reserve Bank,* 271 U. S. 489; *Burton* v. *United States,* 196 U. S. 283. We cannot assume, in the absence of proof, that claimants, whose controlling purpose was to secure a credit with Knauth, Nachod & Kuhne, were unwilling to accept the credit, when given, because it anticipated the collection of the paper by twenty-four hours. There is then no basis for the distinctions attempted, and this case is controlled by our decision in No. 34. Considering the checks in the light most favorable to claimants, as though the language relied on appeared on the face of both checks, claimants are nevertheless only general creditors of the bankrupts and their petition was rightly denied by the district court. The judgment of the district court is affirmed and that of the court of appeals is affirmed in part and

*Reversed in part.*