**WAGNER et al. v. WALENTA.**

No. 9825.

Court of Civil Appeals of Texas. Austin.

Nov. 30, 1949.

Rehearing Denied Dec. 14, 1949.

464

---

Ray Stevens, of Austin, for appellants.
Wm. Yelderman, of Austin, for appellee.

HUGHES, Justice.

W. W. Walenta sued Johnny Beatrice Walenta, appellee, for divorce. She filed a cross action for divorce and partition of the community estate and joined, as cross defendants, the appellants Paul Wagner and wife, who are the father and mother of W. W. Walenta, such joinder being supported by allegations that certain money on deposit in the First Lockhart National Bank of Lockhart, Texas, in the name of Mrs. Wagner, was a part of the Walentas' community estate.

Judgment, based upon a favorable jury verdict, was rendered for appellee and entered of record on April 11, 1949. The term of court during which this cause was tried and judgment entered adjourned April 30, 1949.

Appellants did not file a motion for new trial, a motion for judgment non obstante veredicto, or a motion for judgment on the verdict of the jury, and, on these grounds, appellee moves to dismiss the appeal or affirm the judgment.

The motion must be granted. Rule 324, Texas Rules of Civil Procedure; Daniel v. Fry, San Antonio, Tex.Civ.App., 195 S. W.2d 155 (Writ Ref.N.R.E.). See Miller v. Long-Bell Lbr. Co., Tex.Sup., 222 S.W. 2d 244, and Traders & General Ins. Co. v. Scott, Ft. Worth, Tex.Civ.App., 189 S.W. 2d 633 (Writ Ref.W.O.M.).

Appellants resist the motion only on the ground that since they filed a motion for an instructed verdict, Rule 324, supra, should be construed to permit an appeal without filing a motion for new trial and on appeal to question the propriety of the court's action in overruling the motion since the issue is one of law, is very similar to the court's refusal to grant a judgment non obstante veredicto, and has once been called to the attention of the trial court.

Whatever force there is to this argument should be directed to the rule-making body. It is enough for us to say that the Rule does not contain the exception contended for and that we have no authority to write the exception into the Rule.

The appeal is dismissed.

Appeal dismissed.