### REESE v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 4787.

Court of Civil Appeals of Texas. El Paso.

Dec. 13, 1950.

Rehearing Denied Jan. 17, 1951.

Barber & Barber, and Perry O. Barber, all of Colorado City, Allan L. Poage, El Paso, for appellant.

Edwards, Belk & Hunter, El Paso, for appellee.

PER CURIAM.

Appellee has filed a motion herein to dismiss this appeal.

The transcript herein shows that this case was tried before the court with a jury; that on the 22nd day of September, 1950, the jury had returned their verdict, on the 23rd day of September, 1950, the court rendered judgment in favor of defendant on the verdict and same was entered in the minutes of the court on that date. The transcript shows that on the 28th day of September, 1950, plaintiff filed a first amended motion for a new trial, further that on October 4, 1950, there was entered in the minutes of the court an order purporting to overrule such amended motion for a new trial.

The transcript fails to show date of filing of the original motion for a new trial; if same was filed fails to show that leave was granted to file such amended motion for a new trial. Plaintiff's amended motion recites that his original motion for a new trial was filed the 25th day of September, 1950 and leave was obtained to file an amended motion on the 28th day of September.

The following District Courts exercise jurisdiction in El Paso County: The 34th, 41st and 65th. Section 34, Art. 199, R.S., Vernon's Ann.Civ.St. art. 199, subd. 34, does not provide for successive terms of court. The time for filing a motion for a new trial is governed by Texas Rules of Civil Procedure, rule No. 320, and not No. 330. Here the original motion should have been filed within two days after the rendi-

tion of judgment. There is no legal showing that any original motion for a new trial was filed. The term of court at which the judgment was rendered expired September 30, 1950. Sec. 34, Art. 199, R.S. The entry of this order overruling the motion for a new trial was a nullity because same was not entered during the term at which the judgment was entered. This appeal is ordered dismissed because the transcript fails to show the filing of an original motion for a new trial in accordance with Rule 320; fails to show that leave was granted to file a motion for a new trial. From the fact that the order purporting to overrule the amended motion for a new trial it can not be inferred that such original motion was filed. As stated, the order purporting to overrule the motion for a new trial is a nullity.

It is therefore ordered that this appeal be in all things dismissed, this order to be without prejudice to plaintiff if an original motion was filed in due time by a new transcript herein showing same to be a fact, and if the order overruling the amended motion for a new trial was made in term time to apply to the trial court for the entry thereof nunc pro tunc and if successful perfecting an appeal from such order. As supporting the action of this court see the following: Frankfurt v. Grayson, Tex.Civ. App., 68 S.W.2d 533; Sigler v. Realty Bond & Mortgage Co., 135 Tex. 76, 138 S.W.2d 537; W. C. Turnbow Petroleum Corp. v. Fulton, 145 Tex. 56, 194 S.W.2d 256; R.C.P. rule 324.