## ROWNEY v. RAUCH.

### No. 15441.

Court of Civil Appeals of Texas.
Fort Worth.

April 17, 1953.

Rehearing Denied May 15, 1953.

Earnest R. Hawkins and Frank R. Graves, both of Fort Worth, for appellant.

Wade, Davis & Callaway and Clyde M. Marshall, Jr., all of Fort Worth, for appellee.

MASSEY, Chief Justice.

This case is before us on two motions, one by appellant to enter orders directing the trial court to enter nunc pro tunc orders relating to a motion for new trial which appellant contends was acted upon by the trial court, and the other by appellee to dismiss the appeal.

Ben Rauch, as plaintiff, sued Lewis Rowney, as defendant, in trespass to try title to real estate.

Trial was to a jury and, on a single defensive special issue submitted, the jury refused to find in favor of the defendant. The jury verdict was returned on December 9, 1952. On January 2, 1953, the plaintiff in the trial court filed his motion for judgment under the verdict of the jury, and on January 3, 1953, the court entered judgment in favor of the plaintiff, Ben Rauch, as against the defendant, Lewis Rowney, for title and damages, to which Rowney excepted and gave notice of appeal.

The transcript on appeal contains an appeal bond by the appellant, but no motion for new trial. Appellant alleges in his motion that though he never formally filed any motion for new trial with the clerk of the trial court, he did present and argue a motion for new trial to the judge of said court, and which motion for new trial was overruled, all of which appellant contends is demonstrative of the fact that his motion for new trial was filed as contemplated by law. By his sworn motion, the appellant shows the entire action by the trial court relating to the motion for new trial took place simultaneously with the action of the court relating to appellee Rauch's motion for judgment. Appellant says that both motions were presented and argued at the same time, and that the trial court orally pronounced judgment in favor of appellee, at the same time overruling appellant's motion for new trial. Appellant's motion before this appellate court is that it enter such orders as it may enter to the end that the trial court may enter nunc pro tunc orders relating to the action upon his motion for new trial, and that such, inclusive of the motion for new trial, may be brought forward by supplemental transcript as a part of the record in this appeal.

Of course, under T.R.C.P. 306c, it no longer makes any difference whether the motion for new trial be filed prior to entry of the judgment in a case, and if such is in fact so filed it shall nevertheless be deemed to have been filed on the date of but subsequent to the rendition or entry of the judgment. So if there should be such a motion for new trial properly considered here, it would be considered filed on January 3, 1953.

The rules of civil procedure do not specifically (as in the case of certain other instruments) provide that a motion for

new trial be filed with the clerk of the court. They contemplate, however, that motions for new trial shall be in writing, constituting an instrument capable of being filed. Also, T.R.C.P. 21 provides for a motion docket to be kept by the clerk of the court upon every motion filed in his court.

■ Both the filing of a motion for a new trial and its refusal, or the overruling thereof, necessarily are prerequisites to a complaining party as foundation upon which his appeal may be built. The motion then must be a part of the record in the action, constituting the basis of an appeal in all cases tried by a jury. This requisite is prescribed by T.R.C.P. 324. Under T.R.C.P. 376, the clerk of a trial court is charged with the duty of preparation of a transcript, in which he shall (absent some agreement to the contrary between the parties to the appeal) include such motion for new trial. In order for this to be done by the clerk, the motion for new trial must constitute an instrument in writing filed in a manner enabling the performance of his duty to prepare the transcript, inclusive of the motion.

■ We believe that a losing litigant in a jury case, desiring to perfect an appeal, is charged with the duty of lodging with the clerk of the court his motion for new trial as a part of the permanent record in the case, that such requisite part of the foundation of his appeal is established by record. The doing of this places the power in the clerk of the court to discharge the duties imposed upon him as such by law to include the motion for new trial in the transcript on appeal. And if the party desiring to take an appeal in a jury case does not cause the motion to be so lodged with the clerk that it may be so included, he has not discharged the burden incumbent upon him by law prerequisite to a determination of the matters complained of by an appellate court. At least, as applied to the filing of instruments necessary to constitute a part of a record on appeal, the presenting of such instrument to the judge of the court cannot constitute the filing of such instrument. The

judge has no office in which papers may be permanently preserved, while the clerk's very function is the maintenance of such an office. On an appeal, the judge has no duties to perform in the assembling of a transcript, while the clerk's duties embrace every phase thereof. At least for the purposes of an appeal, an instrument is not filed until it is deposited with the clerk of the court for the purpose of making it a part of the records in the case. In re Gubelman, 2 Cir., 1925, 10 F.2d 926, reversed in part on other grounds in 275 U.S. 254, 48 S.Ct. 60, 72 L.Ed. 267; Hanover Fire Ins. Co. v. Shrader, 1895, 89 Tex. 35, 32 S.W. 872, 33 S.W. 112, 30 L.R.A. 498, 59 Am.St.Rep. 25; Dyches v. Ellis, Tex.Civ.App., 1947, 199 S.W.2d 694; 36 C.J.S., File, p. 752 et seq.

■ The appellant, in this case, having himself shown that the motion for new trial was never filed with the clerk of the court, his motion as prayed for is denied.

■ In view of our holding upon the motion of appellant, our consideration of the motion to dismiss the appeal urged by the appellee will be based upon T.R.C.P. 324, keeping in mind the provisions of T.R.C.P. numbered 404, 405, 414, 415, and 437. The transcript and statement of facts in this case were filed in proper time, and the motions in the case by both parties were filed in time. The time has passed in which appellant is required under the law to have filed his brief and such brief has not been filed. Neither has appellant requested any extension of time in which to file his brief. Appellant has filed a reply to the appellee's motion to dismiss, in which he strenuously resists such motion. However, nowhere in the reply to the motion to dismiss does appellant raise any contention that he does or will rely in the appeal upon any error occurring subsequent to the action he claims was taken by the trial court upon the motion for new trial he contends was actually entertained by the trial court and by the trial court overruled, being the motion which was never filed with the clerk.

Under T.R.C.P. 324—Prerequisites of Appeal—it is provided that in jury cases

where there is no peremptory instruction given the jury, there would be only one circumstance absent a motion for new trial which would enable a party to a suit to appeal from an adverse judgment rendered in a court coming within the special practice act, or T.R.C.P. 330–330(*l*), as is the case with the district court of Tarrant County. This one circumstance or exception as set forth by the rule is a case in which the appeal is predicated upon *some error complained of as arising after the action of the trial court upon the motion for new trial.* We need not say that this provision of the rule was not meant to apply to a case such as this.

In this appeal, as heretofore pointed out, we have the contention by appellant that the trial court took action upon and overruled his motion for new trial, which was never filed. Neither does the order overruling the motion for new trial appear in the transcript. Of course, such order, if it was made by the trial court, could have been entered nunc pro tunc by it under its power to cause its records to speak the truth, at any time prior to an action by the appellate court affirming or overruling such court's judgment. Coleman v. Zapp, 1912, 105 Tex. 491, 151 S.W. 1040, and cases therein cited. However, in view of the circumstance that for the purposes of the appeal the motion for new trial may not be considered as having been filed, the appellant could, in no event, have a basis for appeal except such be predicated upon some error complained of by him as having occurred subsequent to the time he claims the trial court overruled his motion for new trial. Appellant has filed no brief in which he complains of any such error. The time has passed within which the law provides for the filing of such brief, with no request for time extension. In appellant's replication to appellee's motion to dismiss the appeal he nowhere contends that he desires to or does rely on any such error, but, on the contrary, asserts his rights to rely upon other errors which he expressly sets out and all of which occurred antecedent to the time of the trial court's alleged action overruling the motion for new trial.

In view of the failure on the part of appellant to file his motion for new trial as contemplated in cases appealed, coupled with the condition of the record before us, from which it is conclusive that appellant is not appealing under any allowable exception to T.R.C.P. 324, dismissal of the appeal is proper. Robinson v. Pitts, Tex. Civ.App., 1952, 249 S.W.2d 102; Reese v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 1950, 237 S.W.2d 410; and Wagner v. Walenta, Tex.Civ.App., 1949, 225 S.W.2d 463.

The appeal is dismissed.

### On Motion for Rehearing

This court's dismissal of the appeal in this case was based upon failure on the part of appellant to lay proper foundation for any appeal from the judgment entered in the trial court.

In an able argument in his motion for rehearing, appellant urges that his appeal is proper even without having filed a motion for new trial as prerequisite thereof, even though it was a case tried before a jury.

Appellant contends that in the light of the pleadings and the evidence certain actions on the part of the trial court constructively operated so as to constitute a peremptory instruction to the jury.

Irrespective of the merit of appellant's contention in this regard, the rules of civil procedure have closed the door to appellate courts in any consideration thereof, and logically so, for it would be unreasonable to require a trial judge, without any motion for new trial raising the point that certain of his actions in fact amounted to a peremptory instruction to the jury even though no affirmative act on his part instructing such jury peremptorily was made, to re-examine all that had occurred to determine whether the jury was constructively so instructed. Such would place an intolerable burden upon the judges of the trial courts and also would amount to the taking of an improper advantage of such a court because it would disallow any consideration by him of the propriety of his acts upon an open presentation of them to him in a motion for new trial.

The rules of civil procedure, and particularly Rule 324, T.R.C.P., could not contemplate the availability to a dissatisfied litigant of appellate relief under such conditions.

The motion for rehearing is overruled.