E. D. DILLARD ET UX v. HOLLIE G. McCLAIN.

No. A-7284. Decided May 20, 1959.
(324 S.W. 2d Series 163)

*Robert B. Keenan* and *Charles F. Wellborn,* of Gladewater, for petitioner.

*Fulton, Hancock & McClain,* of Gilmer, for respondent.

PER CURIAM:

The Court of Civil Appeals dismissed an attempted appeal because the appeal bond was not filed within thirty days after rendition of judgment in the trial court. See, 322 S.W. 2d 26.

560

When the provisions of the Special Practice Act (Article 2092, Vernon's Ann. Texas Stats,. now repealed) were for the most part incorporated in the 1941 Texas Rules of Civil Procedure, it became necessary to construe the same in connection with Rule 5. Consequently the filing of a tardy motion for new trial cannot operate to extend the time for filing an appeal bond under Rule 356 even though the late motion be considered and overruled by the trial judge. A. F. Jones & Sons v. Republic Supply Company, 151 Texas 90, 246 S.W. 2d 853. Upon this point the practice outlined in Dallas Storage & Warehouse Co. v. Taylor, 124 Texas 315, 77 S.W. 2d 1031 has been modified as to all district courts regardless of their term provisions and arrangements. Rules 5 and 329-b, Texas Rules of Civil Procedure. Collier, "The Special Practice Act in Texas" 6 Southwestern Law Journal 193, 1.c. 211.

The application for writ of error is refused.

Opinion delivered May 20, 1959.