**E. J. LUND, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 10858.

Court of Civil Appeals of Texas.

Austin.

June 14, 1961.

Rehearing Denied July 19, 1961.

Alfred M. Scott (on appeal only), Austin, for appellant.

Will Wilson, Atty. Gen., Robert L. Burns, Houston, of counsel, for appellee.

ARCHER, Chief Justice.

The State through its Building Commission initiated a proceeding to condemn for public use in the acquisition of a site for the Supreme Court Building certain real property belonging to E. J. Lund.

Special Commissioners were appointed by the County Judge and awarded Mr. Lund $148,625 as damages.

The State objected to this award as being grossly excessive and without competent evidence to support it, and requested that the cause be placed on the docket of the County Court for trial as in other civil cases.

The State, appellee herein, deposited the sum of the award in the registry of the court, which sum E. J. Lund, appellant herein, withdrew.

A trial was had with the aid of a jury and a verdict was returned fixing the market value of the property involved at $104,820.

Based on the verdict the Court rendered a judgment vesting the fee simple title to the property in the State of Texas.

The Court awarded the appellant the sum of $104,820 and found that since the appellant had withdrawn the original award made by the special commissioners of $148,625, rendered a judgment against E. J. Lund for the sum of $43,805, the amount in excess of the jury's verdict, together with interest thereon at the rate of 6% per annum from January 23, 1957 until paid, and for execution and all costs.

The defendant E. J. Lund in open court excepted and gave notice of appeal to this Court.

The judgment recited that the cause came on for trial on the 27th day of September, 1960, at a regular term of the Court, and is "signed and entered this 7th day of October, 1960."

On September 12, 1949, the Commissioners' Court adopted the following order:

"The State of Texas }
County of Travis }

"Be It Remembered that at a regular monthly session of the Commissioners' Court begun and holden on the 12th day of September, A.D.1949 in the City of Austin, Travis County, Texas, at the Court House thereof; Present

"Tom E. Johnson,      County Judge
"Arthur Swenson,      Commissioner Precinct No. 1
"N. L. Gault,      Commissioner Precinct No. 2
"Sam N. Allred,      Commissioner Precinct No. 3
"A. L. Boothe,      Commissioner Precinct No. 4
"Emilie Limberg      County Clerk

"Whereupon the following proceedings among others were had to-wit:

"A motion to adopt the following order was made by Mr. Gault, which motion was duly seconded by Mr. Swenson and unanimously adopted by the Court. The order is as follows:

" 'It is hereby ordered that the County Court of Travis County shall hold four terms each year; one term beginning on the first Monday in January and continuing until the last Saturday before the first Monday in April; one term beginning on the First Monday in April and continuing until the last Saturday before the first Monday in July; one term beginning on the first Monday in July and continuing until the last Saturday before the first Monday in October; and one term beginning on the first Monday in October and continuing until the last Saturday before the first Monday in January.'

"The State of Texas }
County of Travis } I, Emilie Limberg, County Clerk and Ex-Officio Clerk of the Commissioners' Court of Travis County, Texas do hereby certify that herinabove is contained a true copy of an order of the Commissioners' Court of Travis County, Texas, adopted by said Court on September 12, 1949 as the same appears of record in Vol. 1, page 20 of the minutes of said Court.

"Witness my hand and seal of said Court, this 10th day of September, 1960.

"Emilie Limberg
"County Clerk, and Ex-Officio Clerk, Commissioners' Court Travis County, Texas.
"By s/ Stuart Harris, Deputy."

There has been filed herein and argued by appellee a motion to dismiss the appeal for want of jurisdiction, in which it is alleged that the trial was to a jury beginning on the 27th of September, 1960, and that the verdict was returned into Court late in the evening of September 30, 1960.

As is noted the term at which trial was had began on the first Monday in July and continued until the last Saturday before the first Monday in October.

The last Saturday in October was on October 1, 1960 and a new term began on Monday, October 3, 1960. On October 7, 1960 the trial judge signed and entered the judgment hereinabove mentioned.

In a supplemental transcript filed herein by appellee there is a letter from the attorney for appellee as follows:

"October 5, 1960

"Judge Tom E. Johnson

"County Courthouse

"Austin, Texas

"Re: Entry of Judgment in No. 166, State of Texas vs. E. J. Lund

"Dear Judge Johnson:

"Enclosed is the original copy of a judgment for entry in the Lund case. A copy of this judgment and this letter is being mailed to Mr. David L. Tisinger, attorney for the Defendant.

"Since the judgment is drawn in the usual form, I am sure it will meet with Mr. Tisinger's approval. I am enclosing a self-addressed, stamped envelope which I will appreciate your using to notify me of the date of entry of judgment.

"Yours very truly,

"s/ Robert L. Burns

"t/ Robert L. Burns

"RLB :bl

"Encl.

"c.c. Mr. David L. Tisinger

"Capital National Bank Bldg.

"Austin, Texas

"Judgment entered Oct. 7th.

"s/ Tom E. Johnson."

There is further shown a statement as follows:

"State of Texas ⎱
County of Travis ⎰ No. 166

"Before Me, the undersigned authority, on this day personally appeared Tom E. Johnson, who being by me duly sworn, upon his oath did depose and say: I am the County Judge of Travis County, Texas and was County Judge of Travis County, Texas at all times while Cause No. 166, State of Texas vs. E. J. Lund, was pending before such County Court. On October 6, 1960, I received a letter from Robert L. Burns enclosing a form of judgment for entry in said State of Texas vs. E. J. Lund. I discussed entry of this judgment with Mr. David L. Tisinger, attorney for E. J. Lund, and obtaining his approval to the form of judgment before signing and entering it. At the request of Mr. Tisinger, the form of judgment submitted by Mr. Burns was modified by adding thereto a notice of appeal for the Defendant.

"Following my signing and entering of this judgment, I mailed the letter received from Mr. Burns to him and made the following notation near the bottom of such letter: 'Judgment entered Oct. 7th. Tom E. Johnson.'

"s/ Tom E. Johnson

"t/ Tom E. Johnson

"Judge of the County Court at Law, Travis County, Texas.

"Subscribed and Sworn to Before Me this 29 day of May, 1961.

"Emilie Limberg, County

"Clerk in and for Travis County, Texas

"By s/ M. Ephraim, Deputy."

On November 2, 1960, which was 26 days after the signing and entry of the judgment, appellant filed a motion for a new trial. On the next day, November 3, 1960, appellant filed his amended motion for a new trial. On November 7, 1960, the Court overruled the motion.

It is apparent that appellant did not file his motion for a new trial within ten days from the entry of judgment.

The appellant did not file a motion for instructed verdict, judgment on the verdict, judgment non obstante veredicto or motion for judgment notwithstanding the finding of the jury on one or more special issues.

The judgment of the Court on the jury verdict was not rendered within five days of the adjournment of the Court for the term

and this appeal is not based upon any error of the Court arising after its action upon the amended motion for new trial filed on November 3, 1960.

Rule 324, Texas Rules of Civil Procedure, reads in part:

"In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided that it shall not be so prerequisite where a peremptory instruction is given, a case is withdrawn from the jury and judgment is rendered by the court without a jury, a judgment is rendered, or denied, non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or a motion for judgment on the verdict is made by the party who becomes appellant and is overruled; nor shall a motion for new trial be so required in a non-jury case, in a case coming within the proviso of Rule 329–a, or in a case where the appeal is based upon some error of the trial court arising after its action upon the motion for new trial * * *."

Rule 325, T.R.C.P., reads in part:

"In cases of * * * preliminary motions made and filed in the progress of the cause, the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial; * * *"

Rule 329–a [1] provides, in part:

"Motion for new trial when required in any case tried in a County Court shall be made within ten (10) days after the rendition of judgment if the term of court shall continue so long * * *"

Rule 5, T.R.C.P., provides, in part:

" * * * it may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto * * *"

We do not believe that appellant has perfected an appeal so as to vest jurisdiction in this Court and that appellee's motion to dismiss for want of jurisdiction must be sustained and the appeal dismissed in view of the rules supra.

A. F. Jones & Sons et al. v. Republic Supply Company, 151 Tex. 90, 246 S.W. 2d 853.

In Robinson v. Pitts, Tex.Civ.App., 249 S.W.2d 102, er. ref., the Court held:

"This was a suit for the reformation of a Vendor's lien note executed by appellants, payable to the appellee. Upon a favorable jury finding, judgment was entered in favor of the appellee Pitts, reforming the Vendor's lien note. Judgment was entered on the 29th day of September, 1951. Appellant's motion for new trial was filed on the 25th day of October, 1951. Appellee has filed a motion to dismiss this appeal for the reason that appellant's motion for new trial was not filed within the time provided for by Rule 320, which was applicable to the trial court. Rule 324 makes a motion for a new trial a prerequisite to an appeal in any case tried by a jury where no motion for judgment non obstante veredicto or a motion on the verdict of the jury was filed by appellant. Neither of such motions were filed by the appellants in this case, and under the authority of Wagner v. Walenta, Tex.Civ.App., 225 S.W.2d 463, and the cases therein cited, including Rule 324, Texas Rules of Civil Procedure, appellee's motion to dismiss this appeal is granted."

1. All proceedings in this case occurred prior to January 1, 1961, the effective date of the recent amendment of Rules 329–a and 329–b, and are governed by the provisions of Rule 329–a in effect prior to that date.

Rowney v. Rauch, Tex.Civ.App., 258 S. W.2d 371, er. ref.; Dillard v. McClain, 159 Tex. 559, 324 S.W.2d 163; Becnel v. Becnel, Tex.Civ.App. Texarkana, 336 S.W.2d 221.

The appeal is dismissed.

Appeal dismissed.