D. R. CURTIS, Appellant,

v.

John B. CAREY, Jr., and Boynton H. Fleming, Appellee.

No. 47.

Court of Civil Appeals of Texas.

Corpus Christi.

April 16, 1964.

Joseph F. Molloy, of Cox & Wilson, Brownsville, for appellant.

Osce Fristoe, Selden Snedeker, of Ferrero & Snedeker, Harlingen, for appellee.

PER CURIAM.

Appellee has filed a motion to dismiss this appeal for want of jurisdiction which must be sustained.

The judgment was rendered on November 7, 1963. On December 6, 1963, twenty-nine days thereafter, original motion for new trial was filed and no action was taken thereon. On the last mentioned date notice of appeal was filed for the first time. On December 24, 1963, forty-seven days after the judgment, an appeal bond was filed by appellant.

It thus appears that notice of appeal was not filed within ten days of the judgment under Rule 353, Texas Rules Civil Procedure, and appellant's appeal bond was not filed within thirty days of the judgment under Rule 356, T.R.C.P.

. The tardy filing of a motion for new trial does not operate to extend the time for filing notice of appeal or an appeal bond as is provided by said Rules 353 and 356. An appellate court does not acquire jurisdiction of an appeal where notice of appeal, if required, as in this case, has not been given within the time required by law. This is also true where an appeal bond has not been timely filed. Donald v. John Vinson, Inc., 344 S.W.2d 751 (Tex.Civ.App. 1961, wr. ref.); Dillard v. McClain, 159 Tex. 559, 324 S.W.2d 163 (1959); Park v. Essa Texas Corp., 158 Tex. 259, 311 S.W.2d 228 (1958); A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246

S.W.2d 853 (1952); Howe v. Howe, 223 S.W.2d 944 (Tex.Civ.App.1949, wr. ref.).

The record before us is not sufficient to authorize consideration of the case as though writ of error had been perfected.

We have no alternative but to dismiss this appeal for want of jurisdiction.