**Mrs. Robert HILLIARD, et vir, Individually and as Next Friend of Neil Hilliard, Appellants,**

v.

**T. T. HINES, Appellee.**

**Motion Docket No. 456.**

Court of Civil Appeals of Texas.

Tyler.

May 19, 1966.

Jack N. Price, Longview, for appellants.

Richard Grainger, Ramey, Brelsford, Flock & Devereux, Tyler, for appellee.

PER CURIAM OPINION

On March 29, 1966, the Clerk of this Court received from Mrs. Robert Hilliard, et vir, Individually and as Next Friend of Neil Hilliard, through their attorney of record, a purported transcript in Cause No. 36,692–B, styled Mrs. Robert B. Hilliard, et vir, Individually and as Next Friend of

Neil Hilliard vs. T. T. Hines, in the 124th District Court of Gregg County, Texas. It appearing to the Clerk that upon examining the transcript that the appeal had not been duly perfected, the transcript was referred to the judges of this Court as provided by Rule 388, Texas Rules of Civil Procedure. An examination of the transcript so tendered reveals that judgment was rendered and signed on November 8, 1965. Plaintiffs' (the Hilliards) motion for new trial was timely filed on November 17, 1965, and likewise their amended motion for new trial, which was timely filed on December 1, 1965. The parties, through their attorneys of record, entered into a written agreement on January 13, 1966, extending the time to and including the 1st day of February, 1966, for the Court to decide the amended motion for new trial. The transcript further reveals an order of the Court overruling plaintiffs' amended motion for new trial. This order recites that the amended motion came on to be heard on the 1st day of February, 1966, and on the same date was signed and order entered. The appeal bond was filed on March 8, 1966.

From the foregoing, it appearing to the Court from said transcript that the amended motion for new trial was overruled on February 1, 1966 and appellants' appeal bond having been filed more than thirty days thereafter, by reason thereof, the transcript tendered failed to show jurisdiction in this Court of said appeal.

Thereupon, the Court, upon authority of Rule 388, Texas Rules of Civil Procedure, ordered that notice of such defect issue to appellants' attorney of record to the end that they might take steps to amend the record, if such could be done, so that jurisdiction of this Court would be shown in the transcript.

By letter of March 29, 1966, the Clerk of this Court so informed plaintiffs' attorney of record of such defect. Thereafter, the Clerk received on March 31, 1966, from plaintiffs' attorney of record, a supplemental transcript and the following day a motion for leave to file said supplemental transcript.

The supplemental transcript contained plaintiffs' motion for entry of amended order overruling motion for new trial which, among other things, alleged that the order overruling plaintiffs' amended motion for new trial as shown in the original transcript incorrectly recited that the hearing on the amended motion was heard on February 1, 1966, and that the order was signed and entered on February 1, 1966. The last paragraph in said motion reads: "Submitted herewith is an Amended Order overruling Plaintiff's Amended Motion for New Trial, correctly reflecting the date of hearing and date of rendition of such Order, and Plaintiff respectfully prays that this Motion be granted and that the Amended Order be signed and filed." On the bottom of said motion is an order of the Court reciting that same "having been duly considered, is hereby GRANTED and the Clerk is directed to file the attached Amended Order which has this day been signed by the Court." This order was signed and entered on the 30th day of March, 1966, by the trial judge.

The attached corrected amended order overruling plaintiffs' amended motion for new trial is as follows:

"AMENDED ORDER OVERRULING PLAINTIFFS' AMENDED MOTION FOR NEW TRIAL

"ON THIS, the 13th day of January, 1966, came on to be heard the Plaintiffs' Amended Motion for New Trial, and evidence having been adduced and the Court having heard argument of counsel and considered written brief filed by counsel, and giving due consideration, the Court, being of the opinion that said Motion should be overruled,

"IT IS, THEREFORE, ORDERED AND DECREED that Plaintiffs' Motion

and Amended Motion for New Trial are overruled.

"SIGNED AND ORDERED ENTERED this 9th day of February, 1966.

/s/ David Moore

JUDGE PRESIDING"

■ The corrected order of the trial court dated February 9, 1966, purporting to overrule plaintiffs' amended motion for new trial must be regarded as a nullity since appellants' motion had already been overruled by operation of law on February 1, 1966. Texas Van Lines, Inc. v. Templeton, 305 S.W.2d 646, (Tex.Civ.App.) 1957, writ ref., n. r. e.; Bowman v. Traders & General Ins. Co., 219 S.W.2d 148, (Tex. Civ.App.) 1949, writ ref.; Lucchese v. Specia, 281 S.W.2d 725, (Tex.Civ.App.) 1955, writ ref.; Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, 1961; Young v. Skidmore, 380 S.W.2d 53, (Tex.Civ.App.) 1964, n. w. h.; Hubbard v. Faulks, 159 S.W.2d 919, (Tex.Civ.App.) 1942, n. w. h.; Holland v. Foley Brothers Dry Goods Company, Inc., 324 S.W.2d 430, (Tex.Civ.App.) 1959, writ ref.

Plaintiffs contend that the amended motion for new trial was not overruled by operation of law because in actuality the court overruled the amended motion for new trial and announced its decision February 1, 1966, prior to the time that the motion would otherwise be overruled by operation of law. Then the plaintiffs further contend that Rule 306a, Texas Rules of Civil Procedure states that in determining the period within which an appeal bond or affidavit in lieu thereof must be filed, "The date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was filed by the trial judge as stated therein", therefore the date of the corrected order having shown to have been signed on February 9, 1966, and the appeal bond having been filed within 30 days thereof, was timely filed.

The corrected order overruling plaintiffs' amended motion for new trial contained in the supplemental transcript does not reflect that the judge made his decision and overruled the amended motion prior to February 9, 1966, the date of the order. We must look to this order in determining whether the appeal bond was timely filed and jurisdiction conferred in this Court. Moreover, where a motion or amended motion for new trial has been on file for 45 days or if the time to decide the motion or amended motion has been extended to a day certain by written agreement of the parties, it is overruled by operation of law unless it is sooner disposed of by an order of the trial judge which has been reduced to writing and signed by him. Hernandez v. Baucum, 338 S.W.2d 481, (Tex.Civ.App.) 1960, n. w. h.

Plaintiffs did not perfect their appeal as required by Rule 356, Texas Rules of Civil Procedure, because their appeal bond filed on March 8, 1966, was filed more than thirty days after February 1, 1966. Therefore the transcripts do not show that this Court had jurisdiction. Young v. Skidmore, supra.

■ It is elementary that when our jurisdiction is invoked, the transcript must disclose affirmatively that we have such jurisdiction and that if it does not do so, our duty is to dismiss the appeal. 3 Tex. Jur.2d, Sec. 383, page 741; Miller v. Esunas, 401 S.W.2d 150, (Tex.Civ.App.) 1966, (application for writ pending on other grounds); Needham v. Austin Electric Ry. Co., 127 S.W. 904, (Tex.Civ.App.) 1910, n. w. h.; Selman v. Ross, 302 S.W.2d 752, (Tex.Civ.App.) 1957, n. w. h.

Appeal dismissed.