Marie Janet **SCARBOROUGH**, Appellant,

v.

Houston A. **SCARBOROUGH**, Appellee.

No. 247.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 11, 1966.

---

OPINION

NYE, Justice.

This was an attempted appeal from a divorce action in the 36th District Court of Live Oak County, Texas. Judgment was rendered and signed on February 24, 1966. It contained no notice of appeal. A motion for new trial was filed March 19, 1966, more than ten days after judgment. The appeal bond was filed April 14, 1966, more than thirty days after judgment.

The filing of the motion for new trial after ten days from the rendition of judgment does not operate to extend the district court's jurisdiction over the judgment and comes too late. Rule 329b, § 1, Texas Rules of Civil Procedure. The filing of a tardy motion for new trial cannot operate to extend time for filing an appeal bond under Rule 356, T.R.C.P., even though the late motion be considered and overruled by the trial judge. Dillard v. McClain, 159 Tex. 559, 324 S.W.2d 163 (1959). The notice of appeal given in the order overruling the motion for new trial also came too late. Rule 332, T.R.C.P. The appellant has failed to perfect her appeal because of her failure to timely file the notice of appeal and appeal bond. Curtis v. Carey, 378 S.W.2d 418, Tex.Civ. App. (1964); Drawe v. McGuffin, 355 S.W.2d 738, Tex.Civ.App. (1961).

Appeal dismissed.