Cynthia CALK et al., Appellants,

v.

GANS AND SMITH INSURANCE AGENCY, INC. and Les Pruett, Appellees.

No. 2054.

Court of Civil Appeals of Texas, Tyler.

March 25, 1976.

**756**

Dennis R. Wolinsky, Houston, for appellant.

Robert M. Parker, Nichols & Parker, Longview, for appellee.

PER CURIAM.

■ This is an attempted appeal from a judgment granting defendants' motion for summary judgment and decreeing that plaintiffs take nothing of defendants. On March 4, 1976, the Clerk of this Court received from Cynthia Calk and C. P. Erection Company, through their attorney of record, a purported transcript in Cause No. 1479–75B, styled *Cynthia Calk and C. P. Erection Company vs. Gans and Smith Insurance Agency, Inc. and Les Pruett* in the District Court of Gregg County, Texas. It appearing to the Clerk of this Court that upon examining the transcript that the appeal had not been duly perfected, the transcript was referred to the Court as provided by Rule 388, Texas Rules of Civil Procedure. An examination of the transcript so tendered reveals that judgment was rendered and signed on December 2, 1975. The plaintiffs' motion for new trial was filed with the Clerk of the District Court on December 15, 1975, thirteen days from the date of the rendering and signing of the judgment. December 12, 1975, which was neither a Saturday, Sunday, nor holiday, was the tenth day from the date of judgment and therefore the last day for filing an original motion for new trial. Obviously, the motion for new trial was not filed

within ten days as required by Rule 329b, Texas Rules of Civil Procedure. Therefore, the motion for new trial was not timely filed.

■ The filing of an original motion for new trial within a ten-day period after the rendition of any judgment or order complained of, or the date on which such judgment or order was signed, is jurisdictional where the appeal or attempted appeal is from an order overruling a motion for a new trial. A later date is a nullity. Rule 329b, supra; *Dean v. Warren*, 464 S.W.2d 672 (Tex.Civ.App.—Tyler 1971, n. w. h.); and *Selman v. Ross*, 302 S.W.2d 752, 754 (Tex.Civ.App.—Galveston 1957, n. w. h.).

In the absence of a timely-filed motion for new trial, Rule 329b, supra, expressly terminates the trial court's jurisdiction thirty days after rendition of the judgment. *Dillard v. McClain*, 322 S.W.2d 26 (Tex.Civ. App.—Texarkana 1959) affirmed 159 Tex. 559, 324 S.W.2d 163.

Notice of appeal must "be given or filed within ten days after the judgment or order overruling motion for new trial is rendered." Rule 353, Texas Rules of Civil Procedure.

An appeal bond must be filed "within thirty days after rendition of judgment or order overruling motion for new trial, or after motion for new trial is overruled by operation of law." Rule 356, Texas Rules of Civil Procedure.

■ The notice of appeal was filed on January 13, 1976, which was more than ten days from date of the judgment. The appeal bond was filed on January 26, 1976, which was more than thirty days from the date of the judgment. Therefore, the notice of appeal and appeal bond were filed late.

■ The tardy filing of a motion for new trial does not operate to extend the time for filing notice of appeal or an appeal bond as provided by Rules 353, supra, and 356, supra, even though the late motion be considered and overruled by the trial judge. *Dillard v. McClain*, 159 Tex. 559, 324 S.W.2d 163 (1959); *Hilliard v. Hines*, 403 S.W.2d

442 (Tex.Civ.App.—Tyler 1966, n. w. h.). An appellate court does not acquire jurisdiction of an appeal where notice of appeal, if required, as in this case, has not been timely filed or given or an appeal bond has not been timely filed. *Curtis v. Carey*, 378 S.W.2d 418 (Tex.Civ.App.—Corpus Christi 1964, n. w. h.) and cases therein cited.

■ From the foregoing, it appears to the court from said transcript, that neither the motion for new trial, notice of appeal nor appeal bond were timely filed from the date of the judgment. By reason thereof the transcript tendered failed to show jurisdiction in this Court of said appeal.

Thereupon this Court on authority of Rule 388, supra, ordered that notice of such defect issue to appellants' attorney of record to the end that they might take steps to amend the record if such could be done, so that jurisdiction of this court would be shown in the transcript and was allowed fifteen days as a reasonable time for the correction of such defects.

By letter of March 5, 1976, the Clerk of this Court so informed plaintiffs' attorney of record of such defects and the time allowed for the curing thereof, if it could be done.

■ Plaintiffs, by letter dated March 15, 1976, which we treat as a motion, contend that the motion for new trial was timely filed and request that we accept and file the transcript. They contend that the tenth day from the date of judgment was December 13th, which was a Saturday, and therefore, the filing of the motion for new trial on the following Monday, December 15th, was timely filed. We do not agree with plaintiffs' calculations.

■ We overrule defendants' motion to disregard the letter of March 15, 1976, because it is not in proper form and not in accordance with proper appellate procedure. We are not aware of, nor have we been cited to, any law or rule of Texas Civil Procedure that prescribes any particular or precise form for a motion of this nature in order for it to be considered as such. "A

motion is an application for a court order or rule directing that some act be done in favor of the applicant. In determining the nature of the application, substance and not form will be considered." 39 Tex.Jur.2d p. 243, sec. 1. We think the letter sufficiently and adequately presents plaintiffs' plea to this court, and their reasons therefor, that the transcript shows jurisdiction and that it should be filed. However, we do not suggest or recommend this practice in presenting matters to this court or any other court for its consideration and disposition.

More than fifteen days have elapsed and plaintiffs have failed to cure such defects. Therefore, the transcript tendered, failing to show that this court had jurisdiction, and the failure to cure the defects, which were pointed out to them, this Court cannot accept the filing of the transcript because jurisdiction of this Court is not shown.

It is well established that when our jurisdiction is invoked the transcript must disclose affirmatively that we have such jurisdiction and that if it does not do so our duty is to dismiss the appeal. *Hilliard v. Hines*, supra; *Miller v. Esunas*, 401 S.W.2d 150 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.).

Plaintiffs have tendered to this court a purported order of the trial court overruling the motion for new trial on the 9th day of January, 1976, and signed on the 12th day of March, 1976. This instrument is not authenticated or certified by the Clerk of the trial court or under the Seal of the Court that said instrument is a true and correct copy of the original on file in the Clerk's office as required by Rules 376 and 376–a, Texas Rules of Civil Procedure. The record may be supplemented by supplemental transcript. However, assuming that the trial court did overrule the motion for new trial on the date as shown, it would be a nullity, since the motion for new trial was not timely filed. *Hilliard v. Hines*, supra; *Dillard v. McClain*, supra.

For the reasons above stated the appeal is dismissed.