**METAL ENTERPRISES, INC.,**
**Appellant,**

v.

**DON LOVE, INC., et al., Appellees.**

**No. 16990.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 25, 1977.

Charles B. Kirklin, Houston, for appellant.

Bracewell & Patterson, Michael A. Pohl, Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from an order dismissing a case for want of prosecution. A motion to dismiss the appeal for want of jurisdiction has been filed. The motion is granted and the appeal is dismissed.

In April 1972 Metal Enterprises, Inc. sued Don Love, Don Love, Inc. and U.S. Plywood-Champion Papers, Inc. in the County Civil Court of Law Number 2 alleging a breach of contract. The defendants filed timely answers. In 1977 a motion to dismiss the case for want of prosecution was filed by the defendants. After a hearing in which the attorney for the appellants participated, the case was dismissed by an order dated May 9, 1977. On May 24, 1977 the plaintiff filed a motion to reinstate. On June 1, 1977 the motion to reinstate was denied by an order reciting that the trial court's "order of dismissal dated May 9, 1977 not be set aside. . . . " The order also recites the plaintiff's notice of appeal.

The plaintiff filed an appeal bond on June 22, 1977. In order to perfect an appeal to this court the cost bond must have been filed on or prior to June 8, 1977. Rule 356(a), T.R.C.P. Plaintiff's motion for reinstatement was not filed within ten days from the date on which the judgment of dismissal was signed. If the motion to reinstate should be considered a motion for new trial, it was not timely filed. In such a case the time for filing of an appeal bond begins on the date the judgment is signed. The tardy filing of a motion for new trial does not operate to extend the time for filing the appeal bond even though the late motion be considered and overruled by the trial judge. *Calk v. Gans & Smith Ins. Agcy., Inc.*, 535 S.W.2d 755 (Tex.Civ.App.—Tyler 1976, no writ history); *Dillard v. McClain*, 159 Tex. 559, 324 S.W.2d 163 (1959).

This court cannot acquire jurisdiction of an appeal where an appeal bond has not been timely filed. *Curtis v. Carey*, 378 S.W.2d 418 (Tex.Civ.App.—Corpus Christi 1964, no writ history).

The appellant asserts that he filed a motion to reinstate the case under Rule 165a, T.R.C.P. and that he is entitled to appeal from an order overruling the motion. The appeal bond was timely filed if an appeal may be taken from the order refusing to reinstate rather than from the judgment dismissing the case.

Rule 165a, supra, provides that a case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which he had notice, or on failure of such party or his attorney to request a hearing, or take some other action specified by the court, within fifteen days after the mailing of notices of the court's intention to dismiss the case for

want of prosecution. The rule also provides that within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake. The words "the failure" must be construed in connection with the grounds for dismissal as quoted above. The provision for reinstatement quoted applies only to cases that are dismissed because of the failure of the party to appear for a hearing or trial or to request a hearing within 15 days after the mailing of notices of the court's intention to dismiss the case, or to take some other action specified by the court within the 15 day period after the mailing of notices. The rule also provides that this dismissal and reinstatement procedure shall be cumulative, independent of, and unaffected by the rules and laws governing any other procedures available to the parties in such cases.

 It is not necessary to a decision in this case to determine whether or not an appeal can be taken from the action of the trial court in denying a motion to reinstate. The motion to reinstate filed in this case is not one which properly could be filed under Rule 165a, supra. Here the appellee filed a motion to dismiss in the trial court. The appellant filed a pleading in opposition to the motion. The trial court heard the matter and entered his order dismissing the case. The judgment was not based on the failure of the party or his attorney to appear for a hearing or trial. The case was not placed on a dismissal docket. The provisions of the rule relating to the failure of a party to request a hearing or take some other action specified by the court within 15 days after the mailing of notices of the court's intention to dismiss are not applicable.

The appellant has failed to allege any grounds for relief specified in Rule 165a, supra. The motion filed was not verified by the movant or his attorney as required by the rule. While the motion is entitled "Plaintiff's Motion to Set Aside Dismissal and Reinstate", it is in substance a motion for new trial.

The requirement that an appeal bond be filed within 30 days after rendition of judgment is mandatory and jurisdictional to an appeal, and the time prescribed by the rule cannot be dispensed with or enlarged by the trial court for any reason. Rule 5, T.R.C.P.; *Glidden Company v. Aetna Casualty & Surety Company*, 155 Tex. 591, 291 S.W.2d 315 (1956); *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976).

The appeal is dismissed.