Rosia Mae AUTRY, Appellant,

v.

Herman E. AUTRY, Appellee.

No. 17687.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 15, 1980.
Rehearing Denied June 26, 1980.

Jefferson, Wallis & Sherman, John E. Sherman, Houston, for appellant.

David T. Lopez, Houston, for appellee.

Before COLEMAN, C. J., and DOYLE and WALLACE, JJ.

COLEMAN, Chief Justice.

Appellee has filed a motion pursuant to Tex.R.Civ.P. 405 that this appeal be dismissed on the ground that this court is without jurisdiction due to the failure of appellant to timely file an appeal bond. The motion is granted and the appeal is dismissed.

On December 10, 1979, appellant filed with the trial court a "motion for reduction to judgment" seeking to reduce to judgment asserted arrears of child support payments. Judgment was signed on that same day which purported to grant the requested reduction. However, that judgment recited that the movant, rather than the respondent, was in arrears in child support payments. On December 20, 1979, the trial judge signed a judgment which decreed that the respondent was the party in arrears.

On January 4, 1980 appellant filed a "motion to amend judgment" which was heard and denied on January 7. The order denying this motion was signed by the trial judge on January 22. Appeal bond was then filed by appellant on January 25, 1980.

■ Tex.R.Civ.P. 405 provides that a motion to dismiss for want of jurisdiction shall be made, filed and docketed within thirty days after the filing of the transcript. Although appellee's motion was filed 35 days after the filing of the transcript in this appeal, the failure to file a motion to dismiss for want of jurisdiction within 30 days after the filing of the record is not fatal. *Governing Board v. Pannill,* 561 S.W.2d 517, 521 (Tex.Civ.App.–Texarkana 1977, writ ref'd n.r.e.); *Valdez v. Gill,* 537 S.W.2d 477, 479 (Tex.Civ.App.–San Antonio 1976, writ ref'd n.r.e.).

■ In order to perfect an appeal to this court, the appeal bond must have been filed within thirty days after rendition of the judgment. Tex.R.Civ.P. 356(a). This requirement is mandatory and jurisdictional, and cannot be dispensed with or enlarged by the courts for any reason. *Glidden Company v. Aetna Casualty & Surety Company,* 291 S.W.2d 315, 318 (Tex.1956); *Fine v. Page,* 572 S.W.2d 577 (Tex.Civ.App.–Eastland 1978, writ dism'd). Appellant has failed to comply with this requirement.

■ Even if appellant's motion to amend judgment should be considered a motion for new trial, it was not timely filed. Tex.R.Civ.P. 329b(1). The tardy filing of a motion for new trial cannot operate to extend the time allowed for filing the appeal bond even though the late motion be considered and overruled by the trial judge. *Dillard v. McClain,* 324 S.W.2d 163 (Tex. 1959); *Metal Enterprises, Inc. v. Don Love, Inc.,* 559 S.W.2d 90 (Tex.Civ.App.–Houston [1st Dist.] 1977, no writ); *Scarborough v. Scarborough,* 406 S.W.2d 277 (Tex.Civ. App.–Corpus Christi 1966, no writ).

This court cannot acquire jurisdiction of an appeal where an appeal bond has not been timely filed. *Metal Enterprises, Inc.,* supra; *Curtis v. Carey,* 378 S.W.2d 418 (Tex.Civ.App.–Corpus Christi 1964, no writ).

The appeal is dismissed.