# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-01000-CV

---

**Richard A. Kiesling, Kimberly D. Kiesling, Bobby R. Kiesling, Betty A. Kiesling, Donald W. Kiesling, and Kathy A. Kiesling, Appellants**

**v.**

**McCoy Corporation, Appellee**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2020-0613B, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This case is before us on appellee McCoy Corporation's motion to dismiss for want of jurisdiction appellants' Richard A. Kiesling, Kimberly D. Kiesling, Bobby R. Kiesling, Betty A. Kiesling, Donald W. Kiesling, and Kathy A. Kiesling (collectively, the Kieslings) attempt to appeal the trial court's August 22, 2025 judgment.

Unless circumstances not present here exist, a party has thirty days from the date the trial court signs a final judgment to file a motion for new trial. Tex. R. Civ. P. 329b(a). A timely filed motion for new trial extends a trial court's plenary power over its judgment and extends the time to file a notice of appeal. *Mitschke v. Borromeo*, 645 S.W.3d 251, 253 (Tex. 2022). On the other hand, a tardy motion for new trial does not operate to extend the appellate timetable. *See Dillard v. McCain*, 324 S.W.2d 163, 163 (Tex. 1959) (per curiam); *Coffee v. Coffee*, No. 03-16-00466-CV, 2016 WL 4272122, at *1 (Tex. App.—Austin Aug. 11, 2016, no

pet.) (mem. op.) ("[The] untimely motion for new trial did not extend the filing deadline for Coffee's notice of appeal, and the time to seek an extension for filing the notice of appeal has expired.").

Here, because the trial court's final judgment was signed on August 22, 2025, the Kieslings had until September 22, 2025, to file their motion for new trial. *See* Tex. R. Civ. P. 4, 329b(a). However, they did not file their motion for new trial until September 24, 2025, after the deadline had expired.

Because the Kieslings' motion for new trial was inoperative to extend the appellate timetable, the Kieslings' notice of appeal was due on September 22, 2025. *See* Tex. R. App. P. 26.1; *Coffee*, 2016 WL 4272122, at *1. We may only "extend the time to file the notice of appeal if, within 15 days after the deadline for filing a notice of appeal the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b)." Tex. R. App. P. 26.3. A motion to extend time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule of Appellate Procedure 26.1 but within the fifteen-day grace period provided by Rule 26.3. *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). The Kieslings did not file their notice of appeal until November 21, 2025, well after this grace period already expired, and thus, we may not extend the time to file the notice of appeal in this case. *See Coffee*, 2016 WL 4272122, at *1.

On December 30, 2025, the McCoy Corporation filed their motion to dismiss, citing our lack of jurisdiction over this appeal due to the Kieslings' untimely notice of appeal. The Kieslings have not filed a response to the McCoy Corporation's motion. We conclude that

the McCoy Corporation's motion to dismiss is meritorious and we grant it. We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Maggie Ellis, Justice

Before Justices Triana, Kelly, and Ellis

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: January 16, 2026

3