MILDRED LUCAS v. HONORABLE O. L. PARISH, DISTRICT JUDGE.

No. 6611. Decided January 24, 1934.
(67 S. W., 2d Series, 234.)

*Eugene F. Mathis* and *R. G. Hughes,* both of San Angelo, for relator.

On the proposition that mandamus should issue relator cites: Constitution of Texas, Art. 5, sec. 8; Burckhalter v. Conyer, 9 S. W. (2d) 1029; Church on Habeas Corpus, 2d ed., par. 172.

*E. E. Murphy,* of San Angelo, for respondent.

On proposition that mandamus should not issue because question is one of venue in that venue lies in the county of defendant's residence: O'Quinn v. O'Quinn, 57 S. W. (2d) 397; Black v. Black, 2 S. W. (2d) 331; Keith v. Keith, 286 S. W., 534.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

This is an original application for mandamus to require Hon. O. L. Parish, Judge of the 119th Judicial District, in and for Tom Green County, to proceed to hear and determine in vacation, Cause No. 8916 B, entitled Mildred Lucas v. M. D. Lucas, on the docket of said court.

It appears that on October 21, 1933, Mildred Lucas swore to and filed in the District Court of Tom Green County, an application for the issuance of a writ of habeas corpus, alleging that Syble Aleen Lucas, a child thirteen years of age, then in said County of Tom Green, was illegally restrained of her liberty by one M. D. Lucas.

The application was presented to respondent judge, who directed issuance of the writ, as prayed for, returnable on October 28, 1933, at 10 o'clock, A. M., commanding the said M. D. Lucas to produce said child before said court, in San Angelo, Texas.

Such writ of habeas corpus accordingly issued and was served on said M. D. Lucas, by the Sheriff of Reagan County, on October 23, 1933.

On October 26, 1933, said M. D. Lucas filed in said court a pleading styled "plea of privilege," alleging that he was not at the institution of said proceeding, nor at the time of service of process on him, nor at the time of the filing of such plea, a resident of Tom Green County, but he was and is a resident of

Reagan County; that the residence of the child, Syble Aleen Lucas, is in Reagan County and has been such since the day of her birth; that no exception to the exclusive venue in the county of one's residence, provided by law, exists in said cause.

A hearing was had on October 28, 1933, relator herein having filed a motion "to strike out" said plea of privilege, for the reasons, as alleged therein, that said plea is in law insufficient, that a plea of privilege is not available in that character of proceeding, and constitutes no impediment to the court's right to pass upon the matters set out in the application for a writ of habeas corpus, involving the custody and illegal restraint of a child. The motion concluded with a prayer that the plea of privilege be stricken and that "the court proceed to hear and determine the subject matter of this suit."

The judge, having heard and considered said motion, entered an order, dated October 28, 1933, denying said motion to strike, which contains as his reason therefor the following statement:

"This order is made for the reason that I am of the opinion that this is the kind and nature of a proceeding which is subject to the general venue laws, and therefore such plea was and is properly filed and should be heard and determined in the manner provided for by law in disposing of pleas of privilege.

"I therefore refuse to hear and determine this cause until such plea of privilege has been regularly disposed of."

The above proceedings occurred during vacation. The act creating the 119th Judicial District provides for a term of court, of ten weeks, in Tom Green County, to begin on the thirteenth Monday after the first Monday in January of each year. Acts 42nd Leg., Chap. 367.

Relator states that this date for the current year is April 2, 1934; respondent challenges this statement and asserts that such date is February 26, 1934, which is an error, as a simple calculation demonstrates. However, this is immaterial for the purposes of this opinion.

It seems that the District Judge is of opinion that Articles 2007 and 2008, Rev. Stat., 1925, should control his action as to hearing the case upon the plea of privilege; and therefore such plea having been filed he must wait until at least five days after appearance day of his next term to give an opportunity for a controverting affidavit to be filed, service thereof at least ten days before a hearing and judgment rendered thereon, before he can pass upon the merits.

In Burckhalter v. Conyer, 9 S. W. (2d) 1029, the court said:

"The writ of habeas corpus is a writ of right designed to protect the individual against any character of illegal restraint. The efficacy of this writ lies in the prompt and speedy hearing given an applicant seeking the protection of its benevolent provisions. If the hearing under such writ can be delayed (by the demand for a jury) its effectiveness would be largely impaired."

So here, the writ was made returnable to a day certain and the court should have then disposed of the matter. The interested parties were before the court; if the court thought the plea of privilege well taken he should have rendered judgment accordingly; if he thought otherwise, he should have heard the controversy on its merits, but a disposition of the matter should then have been made.

We recommend that the writ of mandamus issue requiring respondent to hear and determine this cause, in vacation, and at his earliest convenience.

The opinion of the Commission of Appeals is adopted, and mandamus awarded.

C. M. CURETON, Chief Justice.