M. R. ROGERS, d/b/a Rogers Supply Co.,
Appellant,

v.

Tom POTTER, Appellee.

No. 14971.

Court of Civil Appeals of Texas.

Dallas.

June 24, 1955.

Rehearing Denied July 22, 1955.

Florence & Florence and F. L. Garrison, all of Gilmer, for appellant.

Ross K. Prescott, Dallas, for appellee.

DIXON, Chief Justice.

This is a suit on a promissory note dated October 6, 1949, due 90 days after date. Appellant, who was defendant in the trial court, pled the four year statute of limitations, Vernon's Ann.Civ.St. art. 5527, as his defense.

Judgment was rendered for $12,974.81 in favor of appellee on September 20, 1954. Motion for new trial was not filed until October 11, 1954, twenty-one days after the date of the judgment. The court overruled the motion for new trial on November 17, 1954. Appellant filed his appeal bond on November 18, 1954, fifty-eight days after the court had rendered judgment.

During oral argument before this Court appellee challenged our jurisdiction to consider the appeal, his grounds being that the facts show an attempt by the trial court to extend the time for filing a motion for new trial, and to extend the time for perfecting an appeal in contravention of Rules 5 and 330(k), T.R.C.P. Thereafter appellee filed a written motion to dismiss. With permission of the court both parties filed supplemental briefs on the question.

▌ Though the motion was filed after submission, it was not filed too late, since it attacks our jurisdiction. Masterson v. Bingham, Tex.Civ.App., 84 S.W.2d 295 (writ ref.).

We must sustain appellee's motion. Rule 330(k), T.R.C.P., since repealed but which was still in effect at all times material to this appeal, provided that a motion for new trial must be filed within ten days after judgment. Rule 5, T.R.C.P., provides that the court may not enlarge the period for taking any action under the rules relating to new trials. In the instant case appellant's motion was not filed until eleven days after the expiration of the ten day period allowed by the Rule.[1]

██ What was the legal effect of the purported motion for new trial belatedly filed? It could not be considered a valid motion for new trial for purposes of computing the time requirements in the successive steps involved in perfecting an appeal. Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036. We think that it was really nothing more than a reminder to the trial court that the court, even in the absence of a motion for new trial, had power under Rule 330(l), T.R.C.P., also then in effect, to set aside its judgment any time within thirty days of the date the judgment was rendered. But it was necessary for the court to act to set aside its judgment within the thirty day period. With the expiration of the thirty day period the judgment, not having been previously set aside, became final. And thereafter the court's attempt to act on a belatedly filed motion for new trial was a nullity so far as concerns the time requirements for appeal.

▌ Under the undisputed facts in this case appellant was required under Rule 356, T.R.C.P., to file his appeal bond within thirty days from September 20, 1954, the date of the trial court's judgment. The bond was not filed until November 18, 1954, twenty-eight days after the expiration of the thirty day period—too late to confer jurisdiction of the appeal on this Court.

In the past there have been some conflicts of decisions of Courts of Civil Appeals on this question. But in our opinion the matter has been settled by our Supreme Court in the case of Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853. See also City of Wichita Falls v. Brown, Tex.Civ. App., 119 S.W.2d 407 (Dism.); DeLeon v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 159 S.W.2d 574 (Ref. w. m.); and an article by Prof. Masterson in 8 Southwestern Law Journal, at page 386.

Appellee's motion to dismiss is sustained and the appeal is dismissed for the reasons stated.

1. It was brought out in oral argument that present counsel for appellant was not employed in the case until after the expiration of the ten day period for filing a motion for new trial.