Earl E. SELMAN et ux., Appellants,

v.

Raphael ROSS et al., Appellees.

No. 13090.

Court of Civil Appeals of Texas.

Galveston.

April 4, 1957.

On Rehearing May 9, 1957.

Second Motion for Rehearing Denied June 6, 1957.

Peter P. Cheswick, Houston, for appellants.

Strong, Baker & Compton and W. B. Baker, Houston, for appellee.

GANNON, Justice.

This controversy is essentially a child custody proceeding between the natural father of the minor, Ronnie Gene Ross—Raphael Ross—and the maternal grandparents of the child, Earl E. Selman and wife, Laura Mae Selman. The child's mother is dead.

The maternal grandparents originated the proceedings in the Court of Domestic Relations of Harris County, Texas, from which the appeal comes to us. Their petition named Raphael Ross as the adversary-litigant, and the prayer is that the minor be declared neglected and dependent and that he "be finally given to petitioners in adoption * * * that his name be changed from Ronnie Gene Ross to Ronnie Gene Selman, and for all proper relief in the premises." Defendant appeared and answered and "becoming actor," prayed for the issuance of habeas corpus against plaintiffs, Earl E. Selman and wife, alleged to be unlawfully depriving the minor of his liberty, and that the minor be discharged from his "illegal confinement and

restraint and that the custody" of the minor be awarded Raphael Ross.

After a preliminary hearing, an order was entered February 27, 1956 awarding the temporary care and custody of the child to the maternal grandparents, but the order appealed from is one signed and rendered May 30, 1956. It awarded custody of the minor to the father. For the purposes of this opinion, it may be considered that the order of May 30, 1956, finally disposes of all issues before the court on the pleadings of the parties.

If an original motion for a new trial was ever filed and when is not disclosed by the transcript. The transcript does show the filing on June 11, 1956, of an amended motion for a new trial. This was more than ten days after the order complained of by this appeal. The transcript shows that the amended motion was filed June 11, 1956, and further shows that this amended motion was heard, considered, and overruled on July 19, 1956.

The only notice of appeal appearing in the transcript is that given in open court on the 19th day of July, 1956, after the court on that day overruled the amended motion for a new trial. The appeal bond was filed August 6, 1956.

■ It is elementary that when our jurisdiction is invoked, the transcript must disclose affirmatively that we have such jurisdiction and that if it does not do so, our duty is to dismiss the appeal. 3-A Tex.Jur., Sec. 384.

■ It is now well settled that the filing of an original motion for new trial within a ten day period after the rendition of any judgment or order complained of is jurisdictional where the appeal is from an order overruling a motion for new trial. A later filing is a nullity. Starr County v. Guerra, Tex.Civ.App., 282 S.W.2d 304, albeit such late filing may very well serve as a reminder to the trial court of his power over his own minutes within thirty days

after the rendition of any judgment or order. It is true the trial court retains jurisdiction for thirty days after the rendition of any judgment or order to set it aside, with or without the filing of any motion for a new trial, but this fact is not relevant to the requisite steps required to give us jurisdiction even in a nonjury case such as the present, where no motion for a new trial is required for appeal, when the appeal is from the order overruling the motion for new trial as distinguished from the order complained of. Forrest v. Beynon, Tex.Civ.App., 179 S.W.2d 355; Starr County v. Guerra, Tex.Civ.App., 282 S.W.2d 304; First National Bank of Bryan v. Roberts, Tex.Civ.App., 280 S.W.2d 788; Rogers v. Potter, Tex.Civ.App., 281 S.W.2d 377. It is possible that an original motion for new trial was actually filed sometime before June 11, 1956. It is equally possible that this is not so, or that the original motion, if any, was itself filed as late as June 11, 1956. The facts in this respect, so far as the transcript shows, are speculative.

If the appeal be considered as one direct from the order of May 30, 1956, it is evident that notice of appeal and the filing of the appeal bond came too late. If the appeal be considered as one from the order overruling the amended motion for new trial, it is equally evident that there is no affirmative showing that an original motion was filed within the ten day period contemplated by the mandatory provisions of Rule 329–b, Subsection 1, Texas Rules of Civil Procedure, fixing the time allowance for the filing of original motions for new trial.

The transcript fails to disclose affirmatively that we have jurisdiction of the appeal.

Appeal dismissed.

## On Appellants' Motion for Rehearing

Earlier in this term we dismissed this appeal because the transcript failed af-

firmatively to disclose that we had jurisdiction. Appellants later filed a supplemental transcript, from which in connection with the original transcript it now appears that we do have jurisdiction. Appellants have moved for rehearing and that we set aside our former order dismissing the appeal. The motion is well taken and our former order is set aside and the appeal reinstated.

Appellants' five points of error read as follows:

### Point No. 1

Trial court erred in entering judgment on 31st day of May A.D. 1956, without a further hearing other than that had on the 27th day of February A.D. 1956.

### Point No. 2

Trial court erred in granting a writ of habeas corpus 94 days after the hearing on the 27th day of February A.D. 1956.

### Point No. 3

Trial court erred in entering judgment without a hearing on the 31st day of May A.D. 1956, because there was no opportunity to prove what would be in the best interest and welfare of the child for either appellant or appellee.

### Point No. 4

Trial court erred in entering judgment on May 31, 1956, because same denied the parties a trial by jury. The order of February 27th distinctly holding that this matter was a pending matter and appellants were so guided.

### Point No. 5

There is no finding by the court that its action was for the best interest and welfare of the child involved.

The record discloses that the case went to trial on the merits on the pleadings of all parties on the 27th day of February, 1956, before the Honorable J. W. Mills, Judge of the Court of Domestic Relations of Harris County, sitting without a jury, no jury having been demanded by any party, and that "all matters of fact as well as of law [were] submitted to the court" and that "The evidence in said cause was heard" at the conclusion of which the appellees rested or closed and the appellants announced, "That's all we have, your Honor." At the trial on February 27, 1956, twelve witnesses testified, including the appellants, Earl El Selman and Mrs. Laura Mae Selman, his wife, and the case appears to have been fully developed.

At the conclusion of the hearing, on the 27th day of February, 1956, and after all parties had announced they had no further evidence to offer, the court entered the following temporary order, apparently while awaiting a report from the Probation Department of Harris County:

"Be It Known that on this the 27th day of February A.D. 1956, came on to be considered the application of Earl E. Selman and wife, Laura Mae Selman, seeking to declare Ronnie Gene Ross, a minor, a dependent and neglected child; and came all parties in person and through attorneys of record and announced ready for trial; and the court having considered the pleadings, evidence and argument of counsel, and being of the opinion that the temporary care and custody of said minor child should be awarded to the petitioners pendente lite, and, that the Probation Department of Harris County, Texas, do make, or cause to be made, a thorough investigation concerning this minor child, Raphael Ross and his home at Beckville, Texas, Earl E. Selman and his home at 430 Harvard Street Hoiston, Texas, and all facts and circumstances regarding whether or not this minor child should be declared neglected and dependent child, and any such other and further

investigations as may be proper or required by law, and that a report in writing be filed in this court by the Probation Department of Harris County, Texas, within 30 days after this date; It is ordered and adjudged by the court that temporary care and custody of this minor child, Ronnie Gene Ross, be, and same is hereby awarded to Earl E. Selmand and wife, Laura Mae Selman, during pendency of this suit and *until a final decree is entered herein.* Minor child must be kept in Harris County, Texas, pendente lite by petitioners. The Probation Department of Harris County, Texas, is ordered to make an investigation, as recited above, and file a report in writing in this court and amongst papers in this cause within 30 days after this date." (Emphasis ours.)

Later, and on the 30th day of May, 1956, and presumably after the court had received the report of the Probation Department of Harris County, referred to in the temporary order of February 27, 1956, and had considered same, the court rendered the following final judgment in the cause:

"Be It Remembered that on the 27th day of February, A.D. 1956, there came on to be considered the petition of Earl E. Selman and wife, Laura Mae Selman, to declare Ronnie Gene Ross a minor, a dependent and neglected child under sixteen years of age and to be considered the written answer and writ of habeas corpus of Raphael Ross, father of the minor, Ronnie Gene Ross; and came all parties in person and through their attorneys of record and announced ready for hearing thereon; and the court having considered the pleadings, evidence and argument of counsel and being of the opinion that the said minor, Ronnie Gene Ross, is not a neglected and dependent child and that the natural father, Raphael Ross, is a proper and suitable person to have the care, custody and control of his child and the court further finds that the said minor, *Raphael* Gene Ross is now being held illegally by Earl E. Selman and wife, Laura Mae Selman, petitioners herein and that a writ of habeas corpus should issue out of this court commanding Earl E. Selman and wife, Laura Mae Selman, petitioners herein, to relinquish the custody and control of said minor to Raphael Ross:

"It is accordingly Ordered, Adjudged and Decreed that Raphael Ross do have the care, custody and control of said minor child and, it is further Ordered by the Court that writ of habeas corpus do issue herein ordering restoration of custody and possession of said minor, Ronnie Gene Ross, to the respondent herein, Raphael Ross.

"It is further Ordered that the District Clerk of Harris County, Texas, do issue said writ, accompanied by a true and correct copy of this order, the same to be executed by the Sheriff of Harris County, Texas, by taking into his custody the minor child, Ronnie Gene Ross, wherever he may be found within the jurisdiction of this court, and delivering him at his office to Raphael Ross, father of said minor; herein fail not."

We first consider Points of Error Nos. 1 and 3, which seem to us to overlap. We see no error in the court taking the case under advisement following the taking of the proof of the parties, which ended on the 27th day of February, 1956. It does not appear that between the 27th day of February, 1956, when the introduction of evidence closed, and the 30th of May, 1956, when the court entered its final order, that any party requested or sought leave to introduce, or expected to or desired to introduce, any additional proof. The record shows that at the trial and on February 27, 1956, all parties were offered full opportunity to establish by evidence what would be to the best interest and wel-

fare of the child. Appellants' point seems to be that the court lost jurisdiction to render judgment following the entry of the preliminary order of February 27, 1956, without a further hearing. We know of no principle of law upon which this contention may be maintained.

In support of their Point of Error No. 2 contending it was error to grant a writ of habeas corpus 94 days after the hearing on the 27th day of February, 1956, appellants cite Lucas v. Parish, 123 Tex. 46, 67 S.W. 2d 234. We have examined the case, but in our opinion it has no application to the present record. Point of Error No. 2 is overruled.

Point of Error No. 4 maintains that the entry of judgment on May 30, 1956, denied appellants the right of trial by jury. Any right of trial by jury which they had was waived by them when they voluntarily submitted the merits of all matters in controversy to the court sitting without a jury, without having demanded a jury trial.

Coming to final Point No. 5, it is true there is no express finding by the court that its action was for the best interest and welfare of the child involved, but in support of the trial court's order we must presume such a finding. This is not such a case as Robinson v. Wampler, Tex. Civ.App., 202 S.W.2d 500, cited by appellants in support of their point, where the trial court awarded custody to the father of the child involved contrary to his express fact finding that such award of custody was not to the best interest of the minor.

We find no error in the record, and the judgment is affirmed.

Affirmed.