**WORTH STEEL CORPORATION, Appellant,**

**v.**

**Clarence E. GARTMAN et al., Appellees.**

**No. 16351.**

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 28, 1962.

Rehearing Denied Nov. 2, 1962.

Pannell, Dean, Pannell & Kerry, and Henry E. Kerry, Fort Worth, for appellant.

Crowley, Wright, Miller & Garrett, Pepper & Markward, and Rumph, Ivy & Kar-

penko, and Evans J. Karpenko, Fort Worth, for appellees.

MASSEY, Chief Justice.

Clarence E. Gartman, plaintiff, brought a common law suit for personal injury damages against defendant Worth Steel Corporation. Intervening in the suit was a Workmen's Compensation insurance company which was subrogated to a portion of Gartman's right to recover damages, if any, by suit against the defendant. This intervenor may be disregarded in our discussion.

Trial was to a jury, and upon its verdict judgment was entered against the defendant Worth Steel Corporation. From this judgment appeal was perfected.

Judgment reversed. Cause remanded for another trial.

At the outset we are confronted with a motion to dismiss the appeal, based upon the plaintiff's contention that the defendant failed to timely perfect its appeal and that jurisdiction to entertain the same was never lodged in this court. In the alternative to the motion to dismiss, plaintiff has moved this court to strike from the record the instrument denominated "Defendant's Amended Motion for New Trial" (filed November 28, 1961), and the order of the trial court purporting to overrule the same (signed January 5, 1962). The motions were filed prior to the expiration of thirty days after the transcript was filed in the Court of Civil Appeals.

It appears that the defendant's "Original Motion for New Trial" was timely filed, and that the "Amended Motion" was also timely filed if indeed its character was that of an amended motion for new trial. Plaintiff's contention is that such was not its character because nowhere therein or appended thereto was there any request or prayer for a new trial. There was a prayer which concluded the motion, but it merely moved the court "to set aside that part of the verdict herein consisting of the jury's answers to special issues * * * and to

set aside its judgment heretofore rendered and entered against the defendant on October 31, 1961, and to enter judgment that the plaintiff and intervenor take nothing by their suit against the defendant".

The purported amended motion for new trial was "presented" to the trial court on December 18, 1961, and a "hearing" was had thereon on January 5, 1962, with an order entered that day overruling the same. The order did not state that it was an order overruling the amended motion for new trial, but recited that it overruled "defendant's motion captioned 'Defendant's Amended Motion for New Trial'". Transcript was timely filed in the Court of Civil Appeals. At the same time the statement of facts was filed—under agreement of all parties that it might "be filed in the Court of Civil Appeals for the Second Supreme Judicial District of Texas, as the statement of facts in this case".

There is a dual contention made by the plaintiff in respect to the situation. First, plaintiff contends that the purported amended motion could not be treated as an amended motion for new trial, and that the only motion for new trial filed was the original motion for new trial; second, that the original motion for new trial, never having been "presented" to the trial court, was overruled as a matter of law on December 8, 1961, at the expiration of thirty days from the date of its filing (rather than forty-five days). Under the second contention the plaintiff insists that the only proper motion for new trial in the case had already been overruled on dates of December 18, 1961, and January 5, 1962, when defendant attempted to "present" the instrument purporting to be an amended motion for new trial, and when the "hearing" was held thereon.

We believe that the plaintiff is in error in his interpretation of sec. 4 of Texas Rules of Civil Procedure, rule 329b, "(Motion for New Trial)—District and County Court Cases", in his contention that when a motion for new trial is not "presented"

within thirty days after the date it is filed it is overruled as a matter of law at the expiration of said thirty day period. The contention is based upon certain language in Chekanski v. Texas & New Orleans Railroad Co., 1957 (Tex.Civ.App., Houston), 306 S.W.2d 935, writ ref. n. r. e. The statement appears at page 937 in the right-hand column. From the whole opinion it is obvious that the language in question expressed a statement upon the law which had no effect upon the disposition of the case and therefore constituted dictum. Furthermore, we are of the opinion that it was inadvertently and unintentionally made. The unmistakable intent of the rule, as applied to the situation before us, and where there has been no formal presentation and no affirmative order overruling the motion for new trial, is that the same shall not be treated as having been overruled by operation of law until the expiration of forty-five (45) days after the date on which it was filed. Holland v. Foley Brothers Dry Goods Company, 1959 (Tex.Civ.App., Texarkana), 324 S.W.2d 430, error refused.

It is worthy of note that the original motion for new trial, which the plaintiff contends should be the only motion for new trial in the case, did not contain any adequate assignment of error upon which a point of error was founded that would require a reversal of the judgment entered in the case. Nevertheless, jurisdiction of the appeal was acquired by the Court of Civil Appeals in view of the timeliness of other "steps" in the process of perfecting the appeal, were any verity accorded plaintiff's contention of impropriety. It could only be said that other "steps" were not in time, by reason thereof jurisdiction was not acquired by this appellate court, if the plaintiff was correct in his "30 day contention", heretofore discussed.

The question of whether the instrument was an amended motion for new trial would be most important, for, as we have said, the original motion did not present an adequate assignment of error upon which a point of error on appeal was grounded which

would justify a reversal of the judgment. By a certificate dated January 22, 1962, included in the transcript and referring to the instrument captioned "Defendant's Amended Motion for New Trial", the trial judge certified that the court had considered the instrument as an amended motion for new trial within the meaning of T.R.C.P. rule 329b, and that in the oral argument made thereon upon hearing on January 5, 1962 (when the order was entered overruling the motion) defendant asked that a new trial be granted, but that the court overruled the motion because he did not consider that the assignments of error therein justified the granting of a new trial.

As pointed out in the defendant's brief the plaintiff is in the position of urging that defendant should in any event be deprived of the benefit of relying upon the assignments of error made therein because the prayer of the instrument captioned "Defendant's Amended Motion for New Trial" did not contain what plaintiff contends are the magic words "and that a new trial be granted". No case cited by plaintiff in support of his contention involves a motion for new trial. The cases cited involve prayers for relief, or absence thereof, in plaintiffs' petitions upon which trials were conducted.

■ If the instrument in question had any effectiveness whatever it could only have been as an amended motion for new trial. Were the trial court without jurisdiction the presentation and hearing thereof and order entered thereupon, would have only been "much ado about nothing" if indeed it did not amount to an amended motion for new trial. We are of the opinion that the instrument did have legal effect, and that the only legal effect it could have had was as an amended motion for new trial. Having legal effect as such the assignments therein contained were sufficient as a basis for the points of error advanced in this appellate court. Nalle v. Eaves, 1928 (Tex.Com.App.), 5 S.W.2d 500, Navar v. First Nat. Bank, 1923 (Tex.Civ.App., Fort Worth), 254 S.W. 126; Fort Worth

& Denver City Ry. Co. v. Greathouse, 1931 (Tex.Civ.App., Fort Worth), 41 S.W.2d 418, reversed on other grounds at 65 S.W. 2d 762.

The motion to dismiss the appeal and the motion to strike the amended motion for new trial are overruled.

Plaintiff's alleged injury, by reason of which his suit for damages was brought against the defendant, was sustained while he was working in the course of his employment unloading long steel trusses from the floor of a flat-bed trailer. The trailer belonged to the defendant. The trusses thereon were delivered by the defendant to plaintiff's employer. Said delivery was by means of the defendant's truck towing the trailer to the premises where the plaintiff was working and placing the trailer in the position desired by plaintiff's employer. It was said employer's duty to unload the trusses. The plaintiff was directed by his employer to perform the function of getting upon the bed of the trailer to move individual trusses into position where he would then assist in connecting them to a crane which was adjacent to the trailer. The crane was being used to lift the trusses into position atop a building under construction. In accomplishing this work the plaintiff was obliged to pull and tug upon the truss next to be picked up by the crane so that it could be lifted without becoming entangled with the trusses remaining on the truck. To do this involved force in that the jostling of the load in the delivery of the trusses would cause them to become somewhat entangled.

It is undisputed that plaintiff, in the process of doing this work, either stepped in an open hole or stood upon a defective or improperly secured board, in the flooring of the trailer, which gave way beneath him thereby creating an open hole. It is not denied that one foot and leg of the plaintiff did go through the trailer-bed past the knee, with the other foot and leg upon the surface of the trailer or over the trusses remaining thereon. That plaintiff actually thereby sustained a back injury was in dispute.

Plaintiff's pleaded theory was that the surface of the trailer-bed, at least at the point thereof where his foot went through the hole, was apparently in good sound condition and that there was no open and apparent hole or defect which would cause a reasonably prudent person unloading the truck to anticipate danger. Further, that plaintiff was at and upon a place necessary for him to be and in the exercise of due care and caution, but that the flooring (a board constituting a part of the flooring) gave way beneath him allowing and causing his foot and leg to pass through the hole thereby created. Under this theory of recovery there would have been no assumption of risk of injury.

Defendant's theory is that the surface of the trailer-bed was in woeful condition and that it had many holes therein which were readily apparent to plaintiff, of which he had notice and as to attendant dangers of which he assumed the risk of injury. Further, that it was into one of these open and obvious holes that plaintiff stepped, resulting in his injuries, if any. Defendant's contentions include the denial that any portion of the flooring gave way in the trailer-bed, or at least any portion thereof which might have appeared to be safe to plaintiff in the exercise of that care and caution requisite under the circumstances.

Certainly there was adequate evidence which would have entitled the plaintiff to prevail upon the theory under which his pleadings assert his right to recover, i. e., that it was a seemingly safe portion of the trailer-bed on which his foot rested immediately prior to and at the time of the accident which unexpectedly gave way; and that defendant knew or in the exercise of ordinary care should have known that the defect existed at the time it presented the trailer for the kind and character of unloading operation in which plaintiff engaged, by reason of which the furnishing of the trailer-bed in such condition for such a purpose and without warning or notice was negligence which proximately caused plaintiff's injury.

It might be that plaintiff could have alleged, but did not, a cause of action on the theory that it was negligence on the part of the defendant to furnish a trailer which had numerous open and obvious holes, but upon which plaintiff, in view of exigencies, was compelled to engage in the unloading operation. Plaintiff's pleadings are not of this character. Had they embraced such a theory the manner in which defendant plead and defended would have necessarily been altered. A defendant necessarily goes to trial on the case plaintiff has alleged against him as well as upon the theory under which he defends. From a careful examination of plaintiff's pleadings it is not to be doubted that his right of recovery was squarely predicated upon the theory of entrapment, and claim that his injury resulted from the dangers thereof.

Under the special issues submitted to the jury upon the matter of defendant's primary negligence, affirmative answers thereto returned were as susceptible of a construction that plaintiff had put his foot through an open and obvious hole in the bed of the trailer as of a construction that a defective or loose board fell from the floor where he was standing. No issue called for the jury to make a finding of fact which would eliminate the necessity to speculate as to just what the jury did conclude.

We have already stated that a plaintiff must not only plead his cause of action and grounds thereof, but prove and obtain jury findings in accord therewith as prerequisite to recovery. A somewhat similar statement might be made relative in the present instance to the defendant's theory that it was entitled to a judgment denying plaintiff any recovery against it in view of the cause of action plead by the plaintiff and the jury findings returned. The defendant certainly could not be entitled to so prevail when it had obtained no jury finding establishing that plaintiff's injury, if any, was sustained as the result of plaintiff having stepped into one of the open and obvious holes it claimed was present in the bed of the trailer.

Adverting to the obligations incumbent upon plaintiff as prerequisite to right of recovery, we take note of the fact that no issue or groupings of issues, making inquiry of the jury in plaintiff's behalf upon the matter of defendant's negligence and the proximate cause of the accident and injury, included an inquiry as to whether it was a part of the floor of the trailer which gave way beneath his foot, etc. In its objections and exceptions to the court's charge to the jury the defendant made adequate repeated objections because of the absence of such inquiry. By reason thereof no presumptive finding in plaintiff's favor upon issue or issues so omitted could be made in support of the judgment. T.R. C.P. rule 279, "Submission of Issues". Inclusion of the element as part of the issues submitted was the obligation of the plaintiff since he necessarily carried the burden of proof thereon. Defendant preserved its right of complaint by mere objection to the absence of an issue posing the inquiry. Defendant's points of error based thereon are sustained.

The plaintiff suggests that issue or issues on negligence, which would find predicate in a fact finding as to the cause of his injury, assumes that it is a fact that it was a defective or loose board which dropped from the trailer-bed and caused plaintiff's foot to go through the floor and that there was no objection because the issue which was so submitted constituted a comment on the weight of the evidence or made the assumption. This circumstance would not effect a cure of the error to which defendant had leveled its objection. Its complaint, made because the jury was not required to make the finding, would extend to and include a protest of the attempt by any other person or entity to make the finding in its place and stead.

The doctrine of *res ipsa loquitur* has no application under the facts of this case, not being raised by the evidence. Not having been raised, answers of the jury which might be presumed to bear upon the doctrine as a theory of recovery will be dis-

regarded. The doctrine has no application where the facts produced in evidence are equally consistent with all these hypotheses, viz.: that the injury was caused (1) by the negligence of the plaintiff, or (2) by that of the defendant, or (3) by that of both plaintiff and defendant. 30–B Tex.Jur., p. 395 "Negligence", sec. 148 "Res Ipsa Loquitur Generally"; Dallas Railway & Terminal Co. v. Clayton, 1954 (Tex.Civ. App., Dallas), 274 S.W.2d 422, writ ref. n. r. e.; see also 65 C.J.S. Negligence § 220 (6), pp. 1002–1010, "(Happening of Accident or Injury)—Absence or Unavailability of Direct Evidence of Negligence", and § 220(8) "—Accident or Injury and Defendant's Relation Thereto", under subsection b. "Cause of injury".

█ Certain contentions are made in the briefs of the parties upon the matter of jury finding made to the effect that plaintiff was acquainted with and knew the condition of the trailer-bed on the occasion in question. Had the jury found that the cause of plaintiff's injury was the act of stepping into an open and obvious hole, the findings would have been consistent, one with the other. As already discussed there was no finding upon the matter of how plaintiff's injury was caused. By other findings the jury either affirmatively or constructively found that plaintiff kept a proper lookout for his safety, and though he failed to ascertain whether the trailer-bed had been properly maintained and repaired sufficiently to afford him proper support, such was not negligence on his part. Further findings were that the defendant failed to use ordinary care to repair and maintain the trailer-bed so that it would support the plaintiff while he was unloading it, which was negligence on defendant's part and a proximate cause of plaintiff's injuries. We believe these findings are inconsistent with and contradictory to the finding that plaintiff knew the condition of the trailer-bed. In any event we have no doubt but that justice requires that plaintiff have the opportunity to resubmit the case on a different charge.

In view of what we have said it necessarily follows that the verdict upon which judgment was entered constituted support therefor no more adequate than the bed of the trailer constituted for the plaintiff under his pleaded theory. In view of the failure of the verdict to support the judgment a reversal is required, with opportunity of another trial afforded.

The very numerous additional points of error have been severally examined and deemed to present no error which would require reversal in view of the state of the whole record. Point of error which complains of the excessiveness of the verdict and judgment in respect to plaintiff's damages is overruled.

Judgment is reversed and the cause remanded for another trial.