**Ada June STEVENS, Appellant,**

v.

**Annie Lou DOUGLASS, Appellee.**

**No. 8171.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 6, 1973.

Rehearing Denied Nov. 27, 1973.

Woodrow Edwards, Mt. Vernon, James T. Flynt, Winnsboro (Hartsfield, Flynt & Pickett), M. D. Carlock, Carlock & Taylor, Winnsboro, for appellant.

B. D. Paschall, Jr., Winnsboro, Mark A. Troy, Jr., May, Troy & Block, Dallas, for appellee.

RAY, Justice.

This is an attempted appeal from an order of the probate court granting a new trial. Appellee Annie Lou Douglass, surviving widow of Willie Byron Douglass, was originally appointed the administratrix of her deceased husband's estate. Thereafter, she was removed as administratrix without notice for having failed to file an inventory and appraisement of the estate within ninety days after her appointment. The County Judge of Wood County immediately appointed appellant Ada June Stevens, a stepdaughter, to be the successor administratrix. Shortly thereafter, appellee Douglass filed her "Motion to set aside Application and Order filed by Ada June Stevens," requesting cancellation of the letters of administration issued to Ada June Stevens and reinstatement of appellee Douglass as administratrix. The County Judge held a hearing and set aside his order appointing appellant Stevens as successor administratrix.

The order removing the original administratrix, appellee Douglass, and appointing the successor administratrix, appellant Stevens, was entered on April 27, 1972. On May 2, 1972, appellee Douglass filed her "Motion to Set Aside Application and Or-

der filed by Ada June Stevens." On the 8th day of June, 1972, the County Judge entered his order setting aside and cancelling the appointment of appellant Stevens as the successor administratrix and by the same order reinstated appellee Douglass as administratrix.

Appellant Stevens appealed to the District Court of Wood County for a trial de novo, complaining of the order of the County Court of Wood County removing her as successor administratrix. The District Court upheld the order of the County Court reinstating appellee Douglass as the administratrix. From the judgment of the District Court, appellant Stevens has perfected her appeal to this court urging five points of error.

Appellant's first and second points of error complain of the District Court's findings that appellee's "Motion to Set Aside Application and Order filed by Ada June Stevens" constituted a motion for new trial in the County Court, thus authorizing a hearing on the motion 43 days after its filing and thereby questioned the jurisdiction of the County Court and the District Court to have removed appellant Stevens from office as successor administratrix. We find that the instrument filed by appellee and designated "Motion to Set Aside Application and Order filed by Ada June Stevens" constituted a motion for new trial. The questioned motion is as follows:

"MOTION TO SET ASIDE APPLI-
CATION AND ORDER FILED
BY ADA JUNE STEVENS

"TO SAID HONORABLE COURT:

"COMES NOW ANNIE LOU DOUGLASS, previous Administratrix of the Estate of WILLIE BYRON DOUGLASS, and would show as follows:

"That on the 27th day of April, 1972, her step-daughter, ADA JUNE STEVENS, filed a motion to remove her as Administratrix and an Order was grant-

ed for a minor reason, that being that she had not filed an inventory and appraisal. Applicant would show, too, that she had previously qualified for Administratrix and even though inventory had not been filed in the statutory time of ninety (90) days, that she was in the process of making a federal inventory and appraisal and that she now asks that a thirty (30) day extension of time be granted. The reason for the delay being the death of her husband, WILLIE BYRON DOUGLASS, to whom she had been married for over twenty-five years, and that she has been in a very upset condition during the past three months.

"Applicant would further show that she should be reinstated as Administratrix for the following reasons:

1. That she has the first priority;

2. That she and her children by this marriage are entitled to the larger portion of the estate;

3. That DIXIE NELL STANTON, the sister of the present Administratrix, ADA JUNE STEVENS, also desires that ADA JUNE STEVENS be removed as Administratrix; and

4. That the bulk of the estate is situated in Wood County and Hopkins County, Texas. The successor Administratrix resided in Dallas County, Texas, and that justice would be served if the Applicant herein is restored to her former capacity as Administratrix.

"Further Applicant would show that she is not disqualified by law and is entitled to and requests that she be reappointed as Administratrix herein and the previous bond be in all things honored.

· "WHEREFORE, Applicant prays that a hearing on the merits be had and that the letters of administration heretofore issued to ADA JUNE STEVENS be in all things cancelled and that she be ordered as of this date to refrain from acting in the representative capacity until after the hearing on the merits; and that upon final hearing, Applicant prays time be granted for filing inventory and appraisal and for such other and further orders as may be proper."

We have closely examined the substance of appellant's "Motion to Set Aside Application and Order Filed by Ada June Stevens" and find that it meets the test of a motion for new trial. Though the motion is in general terms and it would be doubtful that it has pointed out any error committed by the trial court which could be considered on appeal, it is nevertheless sufficient to call the trial court's attention to the fact that it should review its decree. The test outlined in Mercer v. Band, 454 S.W.2d 833, 836 (Tex.Civ.App. Houston 14th, 1970 no writ) is that, "For a new trial motion to have efficacy as such, it must, by the very nature of such an instrument, seek to have an existing judgment set aside and request a relitigation of the issues. An instrument nominally filed under the rules applicable to new trials (Rules 320, 329, Texas Rules of Civil Procedure) must comply with these minimum requirements or it is something other than a motion for new trial." See Neely v. Tarrant County, 132 Tex. 357, 124 S.W.2d 101, 103 (1939); 41 Tex.Jur.2d 322, Sec. 139, New Trial; 4 McDonald Texas Civil Practice, 217, Sec. 18.01, New Trial.

■ While appellant's motion does not mention "new trial," it was labeled a motion to set aside a previous order and requested: (1) that the Letters of Administration issued to Ada June Stevens be in all things canceled; (2) that a hearing on the merits be had as to appellee's allegations in the motion; and, (3) that upon a final hearing the prior order be set aside. We believe this to be sufficient to meet the test outlined in Mercer v. Band, supra.

Rules 330(a) and 336, Texas Rules of Civil Procedure, require the transcript in appeals from county courts to district courts be filed in the district court within thirty (30) days after the rendition of the

judgment or order appealed from. In an appeal from the county court sitting in judgment of probate matters to the district court, the time for filing the transcript in the district court is extended by the filing of a motion for new trial pursuant to Rule 329(b), Texas Rules of Civil Procedure, even though no motion for new trial is required. If no motion for new trial is filed, the judgment becomes final at the end of thirty (30) days. If the case is one in which no motion for new trial is required Rule 324 Tex.R.Civ.P.), but a motion for new trial is in fact timely filed, Rule 329(b) applies and the time for filing the transcript in the district court on appeals from county court is extended and governed by the time limitations set forth in Rule 329(b). Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W.2d 228 (1958); Rule 331, Tex.R.Civ.P. See also Selman v. Ross, 302 S.W.2d 752, 754 (Tex.Civ.App. Galveston 1957, no writ). This does not, however, apply to interlocutory appeals which are governed by Rule 385, Tex.R.Civ.P.

■ Having determined that the instrument filed by appellee Stevens constituted a motion for new trial and that it was timely filed and determined by the probate court, we now turn to the question of whether or not the order granting the motion for new trial is an appealable order, and thus, whether or not the district court acquired any jurisdiction of the appeal sought by appellant. It is well established that an order of the probate court setting aside its previous order, if done within the time when this is permissible, is not appealable." 17 Tex. Practice, Probate and Decedents' Estates 92, Sec. 104, Appealable Orders; A. & M. College of Texas v. Guinn, 280 S.W.2d 373 (Tex.Civ.App. Austin 1955, writ ref'd, n. r. e.); Chesney v. Chesney, 270 S.W.2d 464 (Tex.Civ.App. Dallas 1954, writ ref'd, n. r. e.). The County Court of Wood County, sitting as the probate court of that county, had power to set aside its order removing appellee Douglass from office as administratrix of her deceased husband's estate. In the ex-ercise of that power, the probate court's order appointing appellant Stevens and removing appellee Douglass from office was set aside; and the matter now stands in that court as though the order appointing appellant Stevens as successor administratrix had never been entered. There is no order final in its nature, decisive of any issue between the parties because such issues are awaiting a new trial; and until those issues are determined by a new trial and a final order entered following the new trial, there exists nothing from which an appeal may be taken. Chesney v. Chesney, supra.

■ Because the order of the Probate Court granting a new trial was not an appealable order, the District Court had no jurisdiction of an appeal from such order under Section 5 of the Texas Probate Code V.A.T.S. Since the District Court acquired no jurisdiction of this case, the Court of Civil Appeals acquired none on appeal except to declare the invalidity of the proceedings in the District Court and to set them aside. The judgment of the District Court is therefore reversed and here rendered dismissing the appeal from the County Court to the District Court for want of jurisdiction, (and also the appeal from the District Court to this court is dismissed for want of jurisdiction). Chesney v. Chesney, supra. Appellant's first and second points of error are respectfully overruled.

We have ruled on appellant's points of error one and two in order to determine whether this court had jurisdiction of this appeal. Having determined that the motion filed by appellee Douglass was a motion for new trial and that it had been timely granted by the County Court of Wood County, we are of the opinion that we have no jurisdiction to rule on appellant's third, fourth and fifth points of error.

Reversed and rendered.

CHADICK, C. J., not participating.