Ada June STEVENS, Petitioner,

v.

Annie Lou DOUGLASS, Respondent.

No. B–4406.

Supreme Court of Texas.

Feb. 6, 1974.

Smead, Roberts, Harbour, Smith, Harris & French, Earl Roberts, Jr., Longview, Carlock & Taylor, M. D. Carlock, James T. Flynt, Winnsboro, for petitioner.

May, Troy & Block, Mark A. Troy, Jr., and Kenneth A. Herridge, Dallas, Belker D. Paschall, Jr., Winnsboro, for respondent.

PER CURIAM.

The nature of this appeal is correctly stated in the introductory paragraphs of the opinion of the Court of Civil Appeals, except that the order of the probate court dated June 9, 1972, was not limited to the granting of a new trial. 501 S.W.2d 383 at 384. That order, setting aside the appointment of Ada June Stevens and reinstating the appointment of Annie Lou Douglass as administratrix of the Estate of Willie Byron Douglass, was a decree determining all of the issues of law and fact between the parties and thus constituted a final and appealable judgment. It was so treated by both parties in the District Court and the Court of Civil Appeals. That portion of the opinion of the Court of Civil Appeals treating the order of June 9, 1972, as interlocutory and therefore not subject to appeal is in conflict with Hargrove v. Insurance Inv. Corporation, 142 Tex. 111, 176 S.W.2d 744 (1944).

Pursuant to Rule 483, Texas Rules of Civil Procedure, upon granting the application for writ of error and without hearing argument in the case, we reverse the judgment of the Court of Civil Appeals and remand the cause to that Court for consideration of the points of error not disposed of in its judgment dismissing the appeal for want of jurisdiction.