Bill BRYAN d/b/a Mustang Trailer Sales, Appellant,

v.

GENERAL ELECTRIC CREDIT CORPORATION, Appellee.

No. 16890.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 16, 1977.

John S. Brukner, Houston, for appellant.

Henry H. McCreight, Jr., Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a default judgment rendered under the authority of Rule 170, T.R.C.P, when the defendant, Bill Bryan, failed to comply with an order entered in response to the "Motion to Produce Documents and Other Items for Inspection and Copying". The appellant's principal contention is that the trial court erred and abused its discretion in ordering the production of documents under Rule 167, T.R.C.P., because the appellee's motion failed to plead good cause as required by said rule.

Bryan is in the business of selling mobile homes to the public. In 1971 he entered into a contractual relationship with General Electric Credit Corporation relating to retail sales and inventory financing. In 1975 plaintiff filed this suit alleging various breaches of the contractual relationship; seeking damages and a declaratory judgment. A timely answer was filed on behalf of the defendant.

General Electric Credit Corporation filed a Motion to Produce Documents and Other Items for Inspection and Copying. After a hearing at which Bryan appeared by attorney, the trial court entered an order requiring the production of certain documents and other items for inspection and copying. Bryan failed to comply with the order or offer any reason for his noncompliance. General Electric Credit Corporation then filed a motion to compel production of the documents and other items. The hearing was set for July 13, 1976 and notice of the motion and hearing was served upon Bryan. Bryan failed to appear at the hearing. The trial judge sustained the motion and entered a notation on his docket sheet that "Pleadings of Def. struck & other relief."

After the trial judge returned from his vacation he entered an order on August 31, 1976 striking the defendant's answer and granting a default judgment in favor of the plaintiff. On the same day the default judgment was signed and entered. These were separate instruments. On August 9, 1976 twenty-seven days after the hearing on the motion to compel and twenty-two days before the judgment was signed, Bryan filed an instrument entitled "Motion for Rehearing or in the Alternative to Set Aside Order." At that time he was not represented by counsel and he prepared the motion personally. This motion was heard by the court on September 2, 1976 and the court announced its decision overruling the motion on the same date. An order to that effect was signed and entered on September 13, 1976. Prior to the entry of this order Bryan filed a Motion for New Trial on September 9, 1976 and, thereafter, filed a First Amended Motion for New Trial on September 22, 1976. At the September 2 hearing the trial court announced to the parties that he considered the "Motion for Rehearing or in the Alternative to Set Aside Order" as being a motion in the nature of a motion for a new trial. No action was taken on the motion subsequently filed by Bryan.

General Electric Credit Corporation has filed a motion with this court seeking the dismissal of the action by reason of a claimed lack of jurisdiction. The point presented by this motion rests on the appel-

lee's contention that the motion for rehearing which was overruled after the September 2, 1976 hearing was in fact a prematurely filed motion for new trial which was overruled by an order signed and entered on September 13, 1976. The appellee then asserts that the "Defendant's First Amended Motion for New Trial" filed on September 22, 1976 was in fact a second amended motion which cannot be considered by reason of Rule 329b(2), T.R.C.P., which provides no more than one amended motion for new trial may be filed. Appellee contends that the Motion For New Trial filed September 9, 1976 was the First Amended Motion For New Trial and was overruled by operation of law on October 25, 1976. Appellee points out that the appellant filed his cost bond with the court precisely 30 days from the date that the September 9th amended motion was overruled by operation of law and admitted that this cost bond was timely filed. Appellee points out, however, that appellant failed to timely make a request for, and timely file, a transcript of the proceedings within sixty days from the date that the amended motion was overruled by operation of law in violation of jurisdictional mandates of Rule 386, T.R.C.P. Appellee then asserts that since the appellant did not file a motion to extend time for filing the transcript under Rule 21c, T.R.C.P., the jurisdiction of this court has not been invoked since appellant did not timely perfect his appeal.

When appellant filed his Motion for Rehearing on August 9, 1976 no order or judgment had been signed and entered by the trial court. The only record of the action taken by the court after the hearing held on July 13, was the docket entry "Pleading of Def. struck & other relief." In his Motion for Rehearing appellant alleged that he did not attend the hearing because plaintiff's representative had assured him the case was settled and that he would not have to worry about the hearing. He requested that the court set the motion for a hearing and that a "new hearing be ordered and/or, if an order has already been entered, that this order be set aside and a new hearing be ordered."

The order signed and entered on the 31st day of August, 1976 by the trial court recited that on the 13th day of July, 1976 the cause came on to be heard on the plaintiff's motion for order striking out defendant's answer and entering judgment by default in favor of plaintiff for the relief demanded in plaintiff's original petition by reason of defendant's failure and refusal to comply with the order of the court of May 17, 1976 requiring the production of certain documents. The order recited that the court heard argument and was "fully advised that defendant had totally failed and refused to comply with the order of the court of May 17, 1976." The order then states that:

". . . it is ORDERED that the answer of the Defendant be and the same is hereby struck and that Judgment as by default be rendered in Plaintiff's favor against the Defendant for the relief demanded in Plaintiff's Original Petition."

The order further adjudged that all costs of court and other reasonable expenses, including a reasonable attorney's fee of $250.00 incurred as a result of the filing of the motion be assessed against the defendant.

On the same day an instrument entitled "Judgment" was signed and entered by the trial court. This instrument recites that on August 31, 1976,

"among other relief granted, this Court struck Defendant's pleadings from the Docket of the cause and granted Plaintiff a Judgment against the Defendant as requested in Plaintiff's Motion."

The judgment then recites:

"After presentation and consideration of the pleadings, the evidence and argument of counsel, the Court finds that all lawful offsets and credits have been allowed the Defendant, and is of the opinion that the law and the facts are with the Plaintiff and against the Defendant."

The court's judgment was then rendered against the defendant and for the plaintiff in the amount of $22,479.81 with interest, attorney's fees, and also granted certain declaratory relief.

The provisions of the judgment rendered by the court were not known to the appellant at the time he filed his Motion for Rehearing. The appellant did not know the exact provisions of the order entered on the same date, which reflected the relief granted by the trial court after the July hearing. The nature of the relief granted after that hearing was reflected by the court's docket entry which was known to appellant. It might be reasonably concluded, therefore, that the Motion for Rehearing was directed to the action taken by the trial court after the July hearing as reflected in the "Order", rather than the Judgment, subsequently signed and entered.

Rule 306c, T.R.C.P., provides that no motion for new trial shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the rendition of "the judgment the motion assails". In *Home Fund, Inc. v. Denton Federal Savings & Loan Ass'n*, 485 S.W.2d 845 (Tex.Civ. App.—Fort Worth 1972, no writ history), the court refused to apply the provisions of Rule 306c, supra, where the motion for new trial and amended motion for new trial attacked a judgment which was subsequently superseded by a judgment nunc pro tunc. The court reasoned that the motions attacked the judgment which was superseded rather than the superseding judgment. A similar holding is found in *Dubert v. Adkins*, 475 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1971, no writ history). There the court held that an amended motion for a new trial filed on November 30, which complained of the judgment rendered on November 2 rather than a corrected and amended judgment rendered on December 4 could not be considered under Rule 306c, supra, a prematurely filed motion for new trial in an appeal from the December 4th judgment.

In *Mercer v. Band*, 454 S.W.2d 833 (Tex. Civ.App.—Houston [14th] 1970, no writ history), the court held that an instrument entitled "Amended Motion For New Trial" was in fact a motion to vacate a prior judgment for the plaintiffs and to enter a judgment for the defendant and had no efficacy as a motion for new trial. The court stated that in order to determine the effect of the instrument it was necessary to determine its nature by looking to its substance rather than its form. It stated that a motion's substance is not to be determined by its caption or by its introduction but is to be gleaned from the body of the instrument and its prayer for relief. The court stated that for a new trial motion to have efficacy as such, it must, by the very nature of such an instrument, seek to have an existing judgment set aside and to have a relitigation of the issues. This case was followed in *Stevens v. Douglass*, 501 S.W.2d 383 (Tex.Civ.App.—Texarkana 1973). A writ of error was granted in the *Stevens* case and the holding of the court that it had jurisdiction of the cause was necessarily approved by the action of the supreme court in remanding the case to the court of civil appeals for consideration of the points of error not disposed of in its judgment. *Stevens v. Douglass*, 505 S.W.2d 532 (Tex. 1974).

■ This court has consistently applied the rule that the nature of the instrument be determined by its substance and purpose rather than by its form or title. *Iowa Mutual Insurance Company v. Burmester*, 313 S.W.2d 897 (Tex.Civ.App.—Houston 1958, no writ history); *Chekanski v. Texas & New Orleans Railroad Company*, 306 S.W.2d 935 (Tex.Civ.App.—Houston 1957, writ ref'd n. r. e.).

■ Appellant's Motion for Rehearing was directed at the action taken by the court after the July hearing reflected by the docket entry. The subsequent order entered by the court was interlocutory in that it merely ordered the pleadings struck and authorized the entry of default judgment. The final judgment was entered on the same date in a separate instrument. The defendant's Motion for Rehearing was not directed to the final judgment and will not be construed to be a prematurely filed motion for a new trial. It is the duty of this court to see that a case is disposed of upon its merits "where this can be done

without doing violence to the rules or injustice to the rights of the parties." *Smirl v. Globe Laboratories,* 144 Tex. 41, 188 S.W.2d 676 (1945).

It follows that the September 9th motion was the first motion for new trial and the September 22 amended motion was properly filed. Appellant filed his transcript with this court within sixty days from the date the amended motion for new trial was overruled by operation of law. He has perfected his appeal. This court has acquired jurisdiction of this case.

■ In his second point of error the appellant contends that the trial court was in error and abused its discretion in ordering the production of documents and rendering a default judgment thereafter because the appellee failed to plead and prove good cause as required by Rule 167, T.R.C.P. The pertinent rule of law to be applied here is set out in the case *Texhoma Stores, Inc. v. American Central Ins. Co.,* 424 S.W.2d 466 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.), in these words:

". . . Both federal and state decisions construing Rule 167, T.R.C.P., and Rule 34, Federal Rules of Civil Procedure, state that while the spirit of these rules require liberal construction it was never intended to revolutionize practice by allowing 'fishing excursions' . . . The cases are also uniform in holding that the burden is upon the moving party to both allege and prove a good cause for the production of the instruments requested. . . ."

The opinion in the case above cited supports a construction of Rule 167, supra, that would require allegation and proof of facts, and not mere conclusions, showing a need for the production of the document listed and the reasons why the requested information is material to the issues involved. The opinion states:

". . . the court's judgment must be supported by demonstration by the moving party of its need and materiality. Moreover, if the moving party can get the information without resorting to the discovery process, good cause does not

exist. The good cause requirement is not a mere formality, but is a plainly expressed limitation on the use of that rule. . . ."

■ Both the pleadings and the proof must show facts demonstrating that the documents or things sought to be inspected will in some way aid the movant in the preparation or defense of his case. A mere conclusion in the motion that the documents contain or constitute material or relevant evidence is not enough. Sufficient facts must be set out to enable the court to see the materiality of what is sought. *Narro Warehouse, Inc. v. Kelly,* 530 S.W.2d 146 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Irwin v. Basham,* 507 S.W.2d 621 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.); *Johnson v. Logwood,* 430 S.W.2d 679 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.).

In *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959), the Supreme Court stated:

". . . this discussion assumes that the bill will be a written pleading and the relevancy and materiality will be set out in such written pleading. In fact, rule 167, after providing for the filing of the motion *showing good cause* and notice to the opposite party or parties, and setting out the things which the court may order produced and inspection permitted requires that such things must 'constitute or contain evidence material to any matter involved in the action'."

■ Appellee's motion failed to set out facts showing good cause for the motion or showing the materiality and relevance of the material requested to the issues in the case. In his motion to produce appellee states that he had agreed with appellant's attorney of record for a voluntary production of certain documents concerning all transactions between the appellant and the appellee. He states that the attorney of record for the appellant had withdrawn as attorney, and he concludes that, since appellant has not given notice to appellee that he has engaged other counsel to represent him,

appellee is unable to seek the cooperation necessary for a voluntary production and inspection of the items previously agreed to be produced voluntarily. Appellee did not allege that the appellant had refused to comply with the agreement made by his former attorney nor does he state facts showing that the material is unavailable from other sources.

The appellee failed to allege facts showing materiality and relevance of the documents requested. As an example, in paragraph 1 of the 13 different paragraphs relating to documents requested appellee sought, and the court granted, production of "all copies of the articles of incorporation, bylaws, corporate minutes, share certificate books, certificates of good standing from the Secretary of State, State of Texas, if any, withdrawal certificates from the Secretary of State, and any other documents, records or correspondence indicating the existence, nonexistence and status of an alleged corporation known as Mustang Trailer Company, Inc." It is obvious that much of this material could be obtained from the Secretary of State. The plaintiff sued Bill Bryan d/b/a Mustang Trailer Company, and alleged that defendant was an individual doing business in Alvin, Texas. Answer was filed on behalf of Bill Bryan, d/b/a Mustang Trailer Company, and consisted only of a general denial. The materiality of the matter requested to the issues involved within the suit is not shown.

In paragraph number 11 appellee requested "any documents reflecting, containing or in any way referring to each contract, agreement or relationship, past or present between defendant Bryan and any financial institution, including but not limited to banks, savings and loan organizations, finance companies and credit unions of all types with respect to which Bill Bryan was able to finance the purchase and sale of inventory to sell to the retail customer market." No facts are alleged raising an issue in the case involving Bryan's relationship with other financial institutions.

Request number 7 seeks the production of "all documents relating to the employment or termination of employment of Donald R. Shigekawa and refers to "deposition testimony—lines 2 thru 6." No depositions are before this court and it cannot determine the significance of the reference. Appellee does state in his motion that the testimony in the depositions on file with the court proves the existence of the documents referred to in the motion and that custody and control of the documents is exercised by Bill Bryan. However, no facts are alleged in the motion showing the materiality of proof of the employment status of Donald R. Shigekawa to the issues in the case.

There is no transcript of the testimony heard on the motion. We assume that evidence was produced showing both necessity for the requested information as well as its materiality to the issues involved. We hold, however, that the failure to allege facts in the motion showing good cause, as well as the failure to allege facts showing that the information to be gained from the documents requested is material and relevant to the issues involved in the case as revealed by the pleadings in the case, requires a holding that the trial court erred in granting the motion. Since the trial court erred in granting the motion its further action in striking the pleadings of the defendant and granting a default judgment was error and constituted an abuse of discretion. *Texhoma Stores, Inc. v. American Central Ins. Co.,* supra.

The judgment is reversed and the cause is remanded to the trial court.