Sarah Jane **ENGLISH**, Appellant,

v.

Jerry **FISCHER**, et ux., Appellee.

No. 2201cv.

Court of Appeals of Texas, Corpus Christi.

March 11, 1982.

**164**

James W. Wray, Jr., Kleberg, Dyer, Redford & Weil, Corpus Christi, Mark Perlmutter, Hilgers, Watkins & Kazen, Austin, for appellant.

J. Norman Thomas, James R. Harris, Harris, Cook & Browning, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

This case is before the Court on appellee's motion to dismiss for want of jurisdiction.

On June 3, 1981, final judgment was entered by the trial court, and on July 2, 1981, appellant Sarah Jane English filed with the district clerk a document denominated "Defendant's Motion for New Trial." Thereafter, on August 26, 1981, appellant, together with her surety, filed with the district clerk a bond for cost on appeal.

The appellees contend that this Court has no jurisdiction over this appeal since the document filed by the appellant and denominated "Defendant's Motion for New Trial" is in fact not a motion for new trial. If no Motion for New Trial was filed, then, the bond or affidavit in lieu thereof should have been filed within 30 days after the judgment was signed, i.e., July 3, 1981. Rule 356, T.R.C.P. Instead, appellant filed his cost bond on appeal eighty-four (84) days

after the judgment was signed in accordance with the guidelines of Rule 356, T.R.C.P., that a bond for cost on appeal is required to be filed within ninety (90) days after the judgment is signed if a timely motion for new trial has been filed.

The single issue before this Court is whether the document filed by appellant on July 2, 1981, is a Motion for New Trial. As stated above, appellant's motion is denominated "Defendant's Motion for New Trial." Appellant addresses the motion: "To the Honorable Judge of Said Court," and thus begins by reciting:

"Now comes Sarah Jane English, and files this her Motion for New Trial."

After these introductory statements, appellant included five (5) paragraphs in which she complained of the jury's answers to five (5) separate special issues as being against the great weight and preponderance of the evidence. The motion concluded with: "Respectfully submitted" and listed appellant's attorney's firm name along with his signature and bar number.

In order to determine the effect of a motion, it is necessary to determine the nature of the instrument, and this should be accomplished by looking to its substance rather than its form. *Mercer v. Band,* 454 S.W.2d 833, 835 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). In addition, a motion should be sufficient to call the trial court's attention to the fact that it should review its decree. *Stevens v. Douglass,* 501 S.W.2d 383, 385 (Tex.Civ.App.—Texarkana), rev'd on other grounds 505 S.W.2d 532 (Tex. 1974). A motion which assigns claimed errors and which seeks to set aside a judgment adverse to the movant should be construed in the light of its contents, and the formal omission of an explicit prayer for a new trial will not destroy its character as a motion for new trial. 4 McDonald Texas Civil Practice, 258, Sec. 18.07.1 New Trial. See *Worth Steel Corporation v. Gartman,* 361 S.W.2d 426 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.).

As we examine the substance of appellant's "Motion for New Trial," we find

that it meets all of the required tests for a motion for new trial. Although there is no specific prayer for relief, as such, all the necessary prerequisites for a motion for new trial have been met. Not only does it name the motion a "Motion for New Trial," it states in clear language the errors of which she is complaining in such a way that the objection can be clearly identified and understood by the Court. Further, it is in writing and signed by appellant's attorney. See Rules 320 and 321, T.R.C.P. Appellant closes her motion with: "Respectfully submitted." To submit is to present for determination, as an advocate submits a proposition for the approval of the court. Black's Law Dictionary, 5th Edition, 1979. Although the motion is not artfully drawn, we find that when viewed in its entirety, appellant's motion is sufficient to call the trial court's attention to the fact that it should review its decree in the light of granting a new trial.